Dewey, J.
This was an action of debt founded upon a mortgage deed. The declaration, after reciting the deed, sets out the condition substantially as follows: That if the defendant should pay to the plaintiff the contents of two promissory notes, given to the latter by the former, one for $480 ’ payable on the 1st of March, 1840, and the other for a like sum payable one year later, then the deed to be null and void. The breach assigned is the non-payment of these several sums. The defendant pleaded, 1st, nil debet; 2d, payment; 3d, fraud in procuring the mortgage. The plaintiff demurred generally to the first plea; and replied to the other two, traversing the matters which they contained. There were issues upon the. replications. The Court decided in favour of the plaintiff on the demurrer. Verdict and judgment also in his favour upon the issues of fact.
The question presented by the record arises from the demurrer to the plea of nil debet. That plea, having been pleaded to an action founded on a specialty, was Undoubtedly bad on general demurrer. (1) But the inquiry, whether the declaration contains any good cause of action, remains for our consideration.
The proviso or condition in a mortgage, that the deed shall be void if the mortgagor pay a sum of money, or perform some other act, will not enable the mortgagee to maintain debt for the money, or covenant for the non-performance of the act; to sustain either action there must be an express covenant, which has not been complied with. The performance of the condition, in the absence of such a covenant, is a matter optional with the mortgagor. He may take his choice between a compliance with the condition, and the consequence of a failure, which, at law, is a forfeiture of the land. 4 Kent’s Comm., 2d ed., 145; Briscoe v. King, Cro. Jac., 281; Howell v. Price, 1 P. Will., 291; Drummond v. Richards, 2 Munf., 337. The statement by Chitty, in his 1st Vol. on Pl., 110, 116, relied on by the appellee, that debt or covenant will lie on a mortgage, has reference to the customary English mortgage, which contains an express covenant to pay the mortgage money.
P. C. Gregory, for the appellant.
W. M. Jenners and JR. A. Chandler, for the appellee.
The condition of the mortgage set out in the declaration contains no covenant; it is simply a defeasance, and can not be the foundation of an action. The judgment on the demurrer should have been for the defendant.
Per Owriam.—The judgment is reversed with costs. Cause remanded, &c.

 Accord. Love v. Kidwell, Vol. 4 of these Rep., 553.