No. 9647.

Johnson et al. *v.* McCulloch et al.

PRACTICE.—*New Trial.*—A motion by a defendant for a new trial, upon "his paragraphs of counter-claim and set-off," though they were the only pleadings upon which issues were made, raises no question. The motion should be for a new trial generally.

SAME.—*Exceptions.*—An exception to two or more rulings in gross reserves no question.

From the Whitley Circuit Court.

*C. Clemans* and *A. C. Clemans*, for appellants.

*W. H. Withers* and *W. P. Breen*, for appellees.

FRANKLIN, C.—Appellee McCulloch sued appellant Johnson on two notes, and for the foreclosure of a mortgage against Johnson and wife and appellee Taylor, making the wife and

Taylor parties defendants, alleging that Taylor claimed to hold a prior mortgage upon the same premises, and asking that he be required to answer as to his interest therein.   Taylor filed a cross complaint against appellee McCulloch and Johnson and wife, asking to have his mortgage foreclosed against all the other parties, and that it be decreed a prior lien to the plaintiff's mortgage.

Process was issued and served upon Johnson and wife, and the wife was defaulted.   Johnson separately answered the plaintiff's complaint and the defendant Taylor's cross complaint by general denials, and by special paragraphs by way of counter-claim and set-off.   They each replied by denying the special paragraphs.

The venue was changed from the Allen Circuit Court to the Whitley Circuit Court, on the application of appellant, where appellant withdrew his general denial to the complaint and to Taylor's cross complaint, and filed offers to confess judgment in favor of each for about half the amount claimed, and costs to date, which offers were refused; and the cause was submitted to a jury for trial.

There was a verdict returned for appellee McCulloch for the full amount of his claim and the foreclosure of his mortgage against all the defendants, but declaring his mortgage lien junior to that of Taylor; and for the defendant Taylor for the full amount of his claim, and a foreclosure of his mortgage against all the other parties, and declaring his mortgage lien prior to that of McCulloch.

Appellant separately moved for new trials as to his paragraphs of counter-claim and set-off, which motions were respectively overruled, and an exception was reserved.   Errors have been assigned in this court upon said rulings only.

It is insisted by appellees' counsel that the overruling of these motions presents no question for the consideration of this court; that a party who seeks a new trial, in order to be successful, must seek it as to the whole case; that the court could not grant a new trial as to a part of the case only; and

in support thereof we are referred to the case of *Morris* v. *State,* 1 Blackf. 37, where the rule was stated to be that " he who desires a new trial must receive it as to the whole case." This rule has been followed in the cases of *Mills* v. *State,* 52 Ind. 187 ; *Veatch* v. *State,* 60 Ind. 291 ; *Ex parte Bradley,* 48 Ind. 548. It was also held in the case last referred to that the granting of a new trial placed the parties in the same position as if no trial had ever been had. The same rule is declared in the case of *Richter* v. *Koster,* 45 Ind. 440.

In the case of *Houston* v. *Bruner,* 39 Ind. 376, it was held that the rights of parties liable on a promissory note may be settled, as between themselves, in an action against them by the holder of the note, and a new trial may be granted upon this issue ; but the plaintiff in the action on the note will not be delayed thereby, but may proceed to collect his judgment against the parties liable to him. In that case the issue between the defendants was not connected with or affected by their liability to the plaintiff, but his rights were finally settled and remained the same after the granting of a new trial upon that issue, as though no new trial had been granted. In the case at bar it is different; the plaintiff's judgment here was dependent upon the issue on defendant's answer by way of counter-claim and set-off, and the granting of a new trial as to that issue would necessarily require the granting of a new trial as to the whole case, and for which no such motion was made. As to the issue between the defendants, the defendant Taylor became plaintiff in his cross complaint, and the defendant Johnson occupied the same position toward him that he did toward McCulloch, the original plaintiff in the case, for Taylor's success depended as much upon the issue on appellant's answer of counter-claim as did the plaintiff's ; and appellant could be no more entitled to a new trial upon this issue as against Taylor than he would have been entitled to a new trial on the similar issue as against the plaintiff.

Appellees' counsel further insist that the exceptions were not properly made and reserved.

The record shows that there were two separate motions made, one making the plaintiff a party, and the other making the defendant Taylor a party; that they were decided separately; that no exception was taken until after they were both decided, and then the exception was taken jointly to both decisions.

The bill of exceptions states the taking of the exception as follows: "And thereupon the court, upon the same day, overruled the said motions of the defendant for a new trial as against McCulloch and Taylor in the above cause, and to which rulings the defendant excepted and still excepts."

In the case of *Leyner* v. *State*, 8 Ind. 490, the following language is used: " There is a fatal defect in the form of the bill of exceptions which might have been relied upon in brief, without noticing the errors assigned. After stating several rulings of the court in succession, the bill proceeds, ' To which said acts of the court in, etc., the defendant objects, and excepts, etc.' Exceptions are not to be thus taken in gross to several rulings: the exception must be taken to each ruling as it arises on the trial." See sections 626 and 628, R. S. 1881.

According to the code and the foregoing decision, the exceptions in this case were not properly made and entered of record or presented by bill of exceptions. No question is properly presented on the motions for new trials; there was no error in overruling them as made.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.