The Louisville, New Albany and Chicago Railway Company *v.* Wylie.

Filed April 16, 1891.

---

No. 7.

## The Louisville, New Albany and Chicago Railway Company *v.* Wylie.

Judgment.—*Dismissal without Prejudice.—No Bar to Second Suit.*—Where, after evidence is heard in a cause, and a special finding is prepared but not signed, the plaintiff, by leave of court, obtained before the court announces its finding, dismisses his action without prejudice, such proceedings are no bar to a second suit on the same cause of action.

From the Lawrence Circuit Court.

*G. W. Friedley,* for appellant.
*J. H. Louden* and *W. P. Rogers,* for appellee.

Black, C. J.—This was an action by the appellee against the appellant to recover for the alleged killing of certain animals by the latter. Verdict and judgment for the appellee for two hundred dollars.

There was a former action in the same court brought by the same plaintiff against the same defendant for the same cause of action. In said former action the court entered of record its order and judgment, reciting that, "pending the consideration of the evidence and the making of a special finding by the court, the plaintiff dismisses this cause by leave of court, without prejudice to his right of action herein, to which dismissal the defendant at the time excepts, and presents and files his bill of exceptions, which is signed by the court and made part of the record herein," and thereupon judgment for costs was rendered against the plaintiff.

The bill of exceptions taken in said former action showed that in that case an issue of fact was formed, which was sub-

mitted to the court for trial, the court being requested by the defendant to make a special finding of facts and conclusions of law thereon. The evidence having been heard, the court took time to make such special finding. The next day, having reduced his special finding of facts to writing, and having indicated to the parties that the same, as thus written, were his findings of facts in the cause unless the parties had amendments to suggest, and, before signing the same having submitted them to the attorneys of the parties respectively, to examine as to whether any facts were omitted, and said attorneys having read and considered the same, the plaintiff, by his attorney, before the court announced his finding except as indicated by said unsigned finding of facts, asked the court to permit him to dismiss his action without prejudice, to which the defendant objected; but the court overruled the objection, and permitted the plaintiff to dismiss the cause without prejudice. The defendant excepted to this action of the court, and filed a bill of exceptions, as stated in the entry of record above mentioned.

It is contended on behalf of the appellant that the proceedings and judgment in said former action constituted a defence in the case at bar, by showing another action pending or a former adjudication.

The former action was terminated by a final judgment. The question argued by appellant as to whether the court erred in permitting the dismissal of the former action can not be determined in this case. *Walker* v. *Heller*, 56 Ind. 298, the only case to which reference is made by appellant in argument, was an appeal from a judgment of dismissal.

The judgment in the former action was not an adjudication upon the merits of the cause wherein it was rendered, and did not conclude the plaintiff therein from further pursuit of a remedy upon his cause of action.

The judgment is affirmed, with costs, and ten per cent. damages.

Filed April 4, 1891.