## HALSTEAD *v.* SIGLER ET AL.

[No. 5,354.    Filed May 12, 1905.]

1. APPEAL AND ERROR.—*Subsequent Appeal.—Law of the Case.*—The law as announced on a prior appeal is the law of the case through all of its subsequent stages.  p. 420.
2. DISMISSAL AND NONSUIT. — *Voluntary. — Time of.* — The plaintiff may dismiss his action at any time before the jury retires or the judge announces his decision or special finding of facts.  p. 422.
3. TRIAL.—*Conclusions of Law.—Motion to Amend.*—A motion for the court to "modify its second conclusion of law by reducing the judgment to $50" should be overruled as being contrary to the established rules of practice.  p. 423.
4. PLEADING.—*Parties.—Damages.—Injunction.—Landlord and Tenant.—Waste.*—Where an administratrix, having possession and power to rent certain real estate by the terms of decedent's will, joined with the devisees, remaindermen and the life tenant, in an action against the tenant of such land, to restrain such tenant from cutting timber thereon and for damages for timber already cut, such action is not for waste.  *Halstead* v. *Coen*, 31 Ind. App. 302, explained.  p. 423.
5. STATUTES.—*Construction.—Damages.—Waste. — Remaindermen.— Action.*—Although by §288 Burns 1901, §287 R. S. 1881, remaindermen "may maintain an action for waste or trespass, for injury to the inheritance, notwithstanding an intervening estate for life or years," still by §287 Burns 1901, §286 R. S. 1881, remaindermen may join with the life tenant in an action for damages for injury to the freehold.  p. 424.
6. APPEAL AND ERROR.—*Bill of Exceptions.—Time of Filing.*—Where a motion for a new trial was overruled on March 30, and 80 days were given in which to file a bill of exceptions, and such bill was filed June 25, such bill is not in the record, although the clerk's certificate to the transcript on appeal is dated June 18.  p. 426.
7. SAME.—*New Trial.—Evidence Not in Record.*—Where the evidence is not in the record, no question depending thereon can be considered in the overruling of the motion for a new trial.  p. 426.

From Newton Circuit Court; *Emory B. Sellers,* Special Judge.

Action by Blanche Sigler and others against Everett Halstead.  From a judgment for plaintiffs, defendant appeals. *Affirmed.*

*Foltz & Spitler,* for appellant.
*Edward P. Honan* and *Jesse E. Wilson,* for appellees.

MYERS, J.—This case is here for the second time. *Halstead* v. *Coen* (1903), 31 Ind. App. 302. The issues then and now are the same. After the return of this case to the Jasper Circuit Court the venue was changed to the Newton Circuit Court, where the same was tried before the court without the intervention of a jury. The trial court submitted a special finding of facts, and stated its conclusions of law thereon. After the close of the evidence in the case, and before the court announced its special finding of facts and conclusions of law, Clara Coen, as administratrix, over the objection of appellant, was by the court permitted to dismiss. With this one exception the parties now before this court are the same as on the former appeal.

1. All questions arising on the issues were settled by the prior appeal, and the law as then announced on the questions then before this court must be taken to be the law of this case. *Brunson* v. *Henry* (1898), 152 Ind. 310; *Hatfield* v. *Cummings* (1899), 152 Ind. 537; *Terre Haute, etc., R. Co.* v. *Zehner* (1902), 28 Ind. App. 229; *Shirk* v. *Lingeman* (1901), 26 Ind. App. 630.

The facts, as specially found by the trial court, briefly stated, are as follows: Plaintiffs Blanche Sigler, Bessie G. Parker, Madison Makeever, Milton A. Makeever, Ida M. Robinson, Mary A. Gibbons, Sanford Makeever, John L. Makeever, Martha E. Mahaney and Jessie Makeever are the owners of certain real estate, describing the same; plaintiff Clara Coen is the owner of a life estate in an undivided one-third of said real estate; the defendant Everett Halstead has occupied said real estate as a tenant since March 1, 1900, under a written lease expiring March 1, 1907; without authority from the owners of said real estate, or from the administratrix, defendant sold and caused to be cut and disposed of and hauled from said premises certain sawlogs, cordwood and posts, and converted the same to his own use;

the timber so converted to the use of defendant and taken from the land owned by the parties aforesaid is of the value of $176; the tops and brush cut from the timber so appropriated by defendant was left scattered over said real estate; "the damage done to said real estate, by reason of cutting and removing the timber therefrom and leaving the brush scattered thereon, is $50.; the timber sold, cut and removed from said real estate, and sold by the defendant Everett Halstead was the property of the plaintiffs"; defendant has not at any time paid the owners of said lands or the administratrix of the estate of Madison Makeever, deceased, anything for the timber so cut and removed from said premises, or for damages done to said real estate; by the terms of the lease under which defendant was occupying said lands he agreed, at his own expense, to take good care of said leased premises, and not, except upon a written order of the lessor, Clara Coen, administratrix, who, by the terms of the will of Madison Makeever, had possession and authority to rent said lands, cut, injure or remove, nor permit to be injured, cut or removed, any tree, timber or wood whatever existing upon said leased lands; no written order, and no order of any kind, either written or verbal, was given the defendant to cut or remove from said premises the trees, timber, wood, lumber or posts sued for herein; the defendant without right, authority or privilege cut, removed and allowed and caused to be cut and removed said timber, and appropriated the proceeds therefrom to his own use, to the damage of plaintiffs in the sum of $226, and he has failed and refused to account to the owners of said real estate, or to the administratrix, for the value of said timber and for the damage done.

Upon the above finding of facts, conclusions of law were stated as follows: "(1) That the plaintiffs are not entitled to an injunction restraining the defendant from cutting timber on the land described in the complaint; (2) that the plaintiffs are entitled to recover from the defendant the sum

of $226 for their damages; (3) that plaintiffs are entitled to recover of and from the defendant their costs in this behalf paid out and expended." Thereupon the court rendered judgment in accordance with the facts found and conclusions of law stated. Defendant reserved an exception to each conclusion of law, and thereupon, omitting the caption, filed the following motion: "This defendant asks the court to modify its second conclusion of law by reducing the judgment to the sum of $50," which motion was overruled, to which ruling of the court defendant reserved his exception. Defendant then moved for a new trial, which motion was also by the court overruled, to which ruling defendant excepted. Appeal prayed and granted.

The first two errors assigned by appellant go to the sufficiency of the complaint, but, as heretofore in this opinion announced, and under the authorities cited, these alleged errors present no question for our decision.

2. The third error is based upon the ruling of the court in permitting Clara Coen, as administratrix, to dismiss. It has been a number of times held by the Supreme and this court that the plaintiff may dismiss his action at any time before the jury retires or the court announces its finding. *Beard* v. *Becker* (1880), 69 Ind. 498; *Cohn* v. *Rumely* (1881), 74 Ind. 120; *McWhorter* v. *Norris* (1884), 9 Ind. App. 490; *Louisville, etc., R. Co.* v. *Wylie* (1891), 1 Ind. App. 136. Where a case is tried before the court, and a special finding of facts is demanded, plaintiff may dismiss his cause of action, or any part thereof, at any time before such special finding of facts is announced. It is the announcement of the special finding after it has been reduced to writing which cuts off the right of dismissal. §336 Burns 1901, §333 R. S. 1881; *Craflon* v. *Mitchell* (1893), 134 Ind. 320. From the record it appears that Clara Coen, as administratrix, was permitted by the court to dismiss her cause of action before the court announced its special finding of facts. In this ruling there was no error.

3. Errors numbered eight and nine are based upon the action of the court in overruling the motion to modify conclusion of law numbered two by reducing the judgment. The judgment in the natural order of things depends upon the finding of facts and conclusions of law, but under appellant's motion it would seem that the conclusions of law were made to depend upon the judgment. Such a motion is contrary to all rules of practice, and the court committed no error in overruling the same.

Errors numbered four, five, six and seven question the lower court's conclusions of law. The exception to conclusions of law admits the correctness of the finding of facts for the purpose of the exception. *Warren* v. *Sohn* (1887), 112 Ind. 213; *Blair* v. *Curry* (1898), 150 Ind. 99; *Indiana, etc., R. Co.* v. *Doremeyer* (1898), 20 Ind. App. 605, 67 Am. St. 264.

4. These latter assignments present the principal and only important question in this case. Appellant introduces his argument by the statement that this court, on the former appeal (*Halstead* v. *Coen* [1903], 31 Ind. App. 302), held this to be an action for waste. Upon this conclusion he here bases his case. His premise based upon our former opinion in this case is erroneous, and therefore his reasoning unsound.

One of the questions presented to this court by the former appeal was whether the complaint stated facts sufficient to constitute a cause of action in favor of Clara Coen as administratrix and also a cause of action in favor of Clara Coen as devisee under the will. On that question the court said: "Moreover, the administratrix, with the power conferred by the will, occupies a position in the nature of a trustee. She is entitled to the possession of the lands, and authorized to collect the rents and profits, and, together with the beneficiaries named in the will, represents the whole estate in the lands. Although the estate she represents might not, as such, have any interest in the damages recovered, yet she

has an interest in restraining the lessee from committing further waste by cutting the growing timber from the premises which the will placed in her possession.    *    *    * Clara Coen was properly joined as plaintiff in her own right. She has a life estate in the undivided one-third of the land. She is directly interested in preventing a deterioration of the estate.    She, having an undivided interest in the whole estate, has a more or less valuable individual interest as the value of the whole estate is increased or diminished.    Under the facts averred, she is a proper party plaintiff in an action to prevent further waste.    The demurrer to the complaint for want of sufficient facts was properly overruled."

From this quotation it clearly appears that the court, in speaking of waste committed by appellant, had reference to the injunctive feature of the action, and that all of the parties then appearing as appellees were entitled to injunctive relief to prevent further destruction and damage to the estate.    The word "waste" as used in the opinion is so employed.    This court further said, in speaking of the character of the action as stated by the complaint:    "This suit was brought by Clara Coen, administratrix, the children of the testator, and Clara Coen as a devisee under the will, for damages, and for an injunction to restrain appellant, whom it is averred is insolvent, from further cutting and selling the timber."

The complaint charges appellant with "wrongfully, unlawfully and maliciously" doing the acts he is found, in the special finding of facts, to have committed.    The language used in the former opinion relative to the character of the action, which this court said was for damages, is not susceptible of the construction placed upon it by appellant.

5.    As the case now stands, it is before us freed of any question as to the right of Clara Coen, as administratrix, to maintain the action or of appellees' right to an injunction. It is a case demanding damages for the appropriation of the timber, and the damages done by appellant to the real estate

by leaving tops and brush scattered over the land by reason of the wrongful acts of appellant, as charged in the complaint. We are not unmindful of our statute (§288 Burns 1901, §287 R. S. 1881), providing that "a person seized of an estate in remainder or reversion may maintain an action for waste or trespass, for injury to the inheritance, notwithstanding an intervening estate for life or years." Nor should we overlook §287 Burns 1901, §286 R. S. 1881, which provides that "wrongs heretofore remediable by action of waste shall be subjects of action, as other wrongs in which there may be judgment for damages, forfeiture of the estate of the party offending," etc. This latter section clearly authorizes appellees to maintain this action and recover for all items of damage which the proof may show was the result of appellee's wrongful acts. The court found as a fact that "the tops and brush from the timber cut for wood, posts and lumber were left scattered over said real estate." Also "that the damage done to said real estate by reason of cutting and removing the timber therefrom and leaving the brush scattered thereon is $50." The court also found as a fact that the timber cut and removed from said land by appellant and by him appropriated to his own use was the property of appellees and was of the value of $176. The court also found that appellees were damaged by reason of the action on the part of appellant in the sum of $226. This latter finding was simply collecting the various items of damages into one aggregate amount. We can not agree with appellant in saying that double or triple damages were assessed by the lower court. The fact that appellant wrongfully cut and removed timber from appellees' lands of the value of $176, and appropriated the proceeds thereof to his own use, and that he left the tops and brush from the timber so cut, or authorized to be cut, by him scattered over the land, which the court found to be a damage to the same in the sum of $50, clearly, as it seems to us, can not be considered as double damages, but merely items of damage going

to make up the entire damages to be assessed against appellant, and upon which the second conclusion of law is based, and correctly stated. ·

It is said in Tiedeman, Real Prop. (2d ed.), §82: "If timber is unlawfully cut from the premises, the reversioner in fee continues to have the property in it, and he may recover damages or the possession of the timber, and for that purpose he may maintain any of the personal actions of trover, replevin or *trespass de bonis.*" Also, see *Sunnyside Coal, etc., Co.* v. *Reitz* (1896), 14 Ind. App. 478, and cases cited; *Everson* v. *Seller* (1886), 105 Ind. 266.

Objections to the first and third conclusions of law are waived.

6.   It appears from the record that on March 30, 1904, judgment was rendered, motion for new trial filed and overruled, and eighty days given by the court "in which to file all bills of exceptions." It further appears that on June 18, 1904, the official shorthand reporter filed his longhand transcript of the evidence in said cause with the clerk of the Newton Circuit Court. It further appears that the bill of exceptions containing the longhand manuscript of the evidence in said cause was filed June 25, 1904, with the clerk of said Newton Circuit Court as a part of the record in said cause. The clerk's certificate to the transcript on appeal to this court is of date June 18, 1904. It therefore affirmatively appears from the record that the bill of exceptions containing the evidence was not filed within the time allowed by the court, and is not, therefore, a part of the record.

7.   The tenth error assigned is that the court erred in overruling appellant's motion for a new trial. As all the causes therein assigned must be determined upon a consideration of the evidence, and the evidence not being in the record, no question is presented by this assignment.

There is no error in the record.   Judgment affirmed.