## Topp v. Standard Metal Company et al.

[No. 7,212. Filed April 25, 1911.]

1. Mechanics' Liens.—*Subcontractors.*—*Complaint.*—A complaint to foreclose a mechanic's lien, showing that such lien was taken by subcontractors for services and materials furnished prior to the act of 1909 (Acts 1909 p. 295) is insufficient, since prior to the taking effect of such act subcontractors were not entitled to such a lien. p. 485.

2. MECHANICS' LIENS.—*Materials.—Furnishing for Defendant's Use.—Cross-complaint.*—A cross-complaint to foreclose a mechanic's lien for materials furnished, alleging that defendant employed a certain person to furnish the required labor and materials to construct a furnace in a house, that such person bought the materials for such purpose, that the plaintiff sold the materials to such person for such purpose, and that they were actually used in defendant's house, sufficiently shows that plaintiff sold such materials for use in defendant's house.  p. 486.

3. MECHANICS' LIENS.—*Materials.—Purpose of Sales.—Ignorance of Place of Use.—Evidence.*—Where the evidence in a suit to foreclose a mechanic's lien for materials furnished, shows that the parties selling such materials had no knowledge, at the time of the sale of such materials, as to where they were to be used, a decree for such cross-complainants will be set aside as unsupported by the evidence.  p. 487.

4. APPEAL.— *Briefs.— Waiver.*— Points not discussed are waived. p. 489.

5. APPEAL.—*Record.—Presentation of Question.—New Trial.—Cross-complaint.*—Where appellant filed no motion for a new trial as to a cross-complainant in a suit to foreclose a mechanic's lien, no question on the evidence under the cross-complaint can be presented on appeal.  p. 489.

6. NEW TRIAL.—*Motions for.—Separate Issues.—Cross-complaints. —Mechanics' Liens.*—In a suit for foreclosure by a holder of a mechanic's lien against the owner of the property and other holders of mechanics' liens, the other lienholders filing cross-complaints for foreclosure, the owner's motions for a new trial should be separate as to the plaintiff and the cross-complainants, the issues being separate.  p. 489.

From Superior Court of Marion County (75,580); *James M. Leathers*, Judge.

Cross-complaint by the Standard Metal Company and others against Matilda M. Topp. From decrees for plaintiff and cross-complainants, defendant appeals. *Reversed in part. Affirmed in part.*

*John S. Berryhill, Charles B. Clarke, Walter C. Clarke* and *Clement M. Holderman,* for appellant.

*Lecklider & Myers* and *John P. Leyendecker,* for appellees.

LAIRY, P. J.—Appellant was the owner of two lots in the city of Indianapolis, upon which houses were erected by

Ulysses Hancock, under a contract entered into between her and said contractor on August 7, 1907, by the terms of which he was to erect said houses and furnish all material.

This action was commenced by the Capitol Lumber Company to enforce a lien for material furnished in the erection of said houses. The owner was made defendant, as were also a number of other persons, firms and corporations, who, as alleged in the complaint, claimed to hold similar liens against said real estate. Among the defendants so named were Percy R. Chevalier, the Fox Furnace Company, the Standard Metal Company, and the Morgan Coal and Lime Company, each of whom filed a separate cross-complaint against defendant Topp and the several codefendants, seeking to foreclose liens upon said real estate growing out of the erection of said houses. There was a trial by the court, and a finding and judgment in favor of plaintiff on its complaint, and also in favor of each of the cross-complainants. The liens set up in the complaints and several cross-complaints were ordered foreclosed, and the property was ordered sold to satisfy said liens.

Appellant states in her brief that she is not asking a reversal of the decree entered in favor of the Capitol Lumber Company; so we need not consider any alleged errors which arise out of the trial of issues formed on the complaint.

Appellant demurred to the cross-complaint of the Morgan Coal and Lime Company, on the ground that it did not state a cause of action against her, and this presents

1. the first question for our decision. The cross-complaint affirmatively shows that the owner of the real estate let a contract for the erection of said houses, including the furnishing of all labor and material, to Ulysses Hancock, and that said Hancock employed Samuel Thomas and Reuben Hill to furnish all labor and material required to plaster said building, for the agreed price of $250; that Thomas and Hill completed their contract on November 1,

1907, at which time there was due and unpaid on said contract price the sum of $58.82, and that said Thomas and Hill filed a notice of intention to hold a lien on said real estate for said sum, and afterwards assigned the balance due on said account, and also the lien to the Morgan Coal and Lime Company; that the lien upon which this cross-complaint is based was filed by a subcontractor, to secure the balance due him upon his contract. In the case of *Indianapolis, etc., Traction Co.* v. *Brennan* (1910), 174 Ind. 1, it is held that a subcontractor was not entitled to a lien under our statute as it stood prior to the taking effect of the act of 1909 (Acts 1909 p. 295). The trial court should have sustained appellant's demurrer to this cross-complaint.

The sufficiency of the other cross-complaints is questioned for the first time in this court. It is urged that the cross-complaint of the Fox Furnace Company is insufficient, for the reason that its averments do not show, with sufficient certainty, that the furnace, for the price of which the lien was filed, was furnished for the particular building against which the lien is sought to be enforced. It is not enough that the materials were purchased by the contractor and actually used in the building. It is necessary that they should have been sold for use in the building. This cross-complaint alleges that E. M. Baxter was employed to furnish the labor and material required to erect and construct a furnace in said house; that said Baxter purchased from said cross-complainant a furnace, designated No. 937, for and in consideration of the sum of $46; that said Fox Furnace Company sold said furnace to said Baxter for that purpose, and that it was actually placed in said house. These averments are as direct and positive as could be desired. There is no direct averment that Baxter purchased the furnace in question to be used in this particular house, and that said cross-complainant sold it to him for that purpose; but it is averred that Baxter was employed to furnish the material and erect a furnace in the

house described, and that he bought a furnace from the cross-complainant, which was actually placed in said house, and that cross-complainant sold said furnace to said Baxter for that purpose. We think that it sufficiently appears from the averments that the material in question was furnished for the building described, and that this cross-complaint is sufficient in this respect, especially when first attacked on appeal.

The same objection is urged to the cross-complaint of the Standard Metal Company. This pleading clearly shows that the material was purchased to be used in the construction of said houses, that said cross-complainant sold said material for that purpose, and that it was actually used in the construction of said houses. The pleading is not open to the objection made, and the demurrer was properly overruled.

Appellant filed a motion for a new trial upon the issues formed on the cross-complaint of the Fox Furnace Company, and also on the issues formed on the cross-complaint 3. of the Standard Metal Company. Both of these motions were overruled, and these rulings are assigned as error. The reasons assigned for a new trial are that the decision of the court is not sustained by sufficient evidence and is contrary to law. We have carefully examined the evidence in this case as bearing upon each of the cross-complaints under consideration. The evidence clearly shows that the Fox Furnace Company, when it sold the furnace to Baxter, had no notice or knowledge as to where said furnace was to be used, or in whose house it was to be placed; that the sale was made to Baxter in a general way, and that he took it from the storage house and used it in appellant's house. The evidence in support of the claim of the Standard Metal Company shows that the material furnished by that company was sold to Baxter, without any knowledge on the part of the company as to where it was to be used, and that it did not know in what houses the material had

been placed, until it attempted to collect the bill from Baxter. There is no evidence in the record tending to show that the materials furnished by either of these companies were furnished for or intended by the sellers to be used in appellant's houses. It is not sufficient for the enforcement of a materialman's lien to show that the materials were furnished to the contractor, and were in fact used in the building, and that the contractor purchased them for that purpose; but it must further appear that they were furnished by the materialman for use in the particular building on which it is sought to hold a lien. *Miller* v. *Fosdick* (1901), 26 Ind. App. 293; *Talbott* v. *Goddard* (1877), 55 Ind. 496; *Crawford* v. *Crockett* (1876), 55 Ind. 220; *City of Crawfordsville* v. *Barr* (1873), 45 Ind. 258; *Jones* v. *Hall* (1894), 9 Ind. App. 458.

In the case of *Miller* v. *Fosdick, supra,* the court said: "The special findings show that the materials, consisting of lumber, for which it was sought to enforce a lien, were by the appellant sold to the defendant Carr and charged to him, and were by him purchased for use in the construction of a building, and were so used, but it is not stated that they were furnished by the appellant for the particular building on which it was sought to enforce the lien. Indeed, it is not stated that the appellant knew the particular purpose for which the lumber was purchased, or that he had any information of an intention on the part of any one to construct or to repair any building. There is no pretense that there was any personal liability of the appellee Fosdick, and in view of the failure to show that the materials were furnished for the particular building, it must be held that the finding did not show sufficient facts to subject her interest in the real estate to a lien."

In this case, as there is no evidence tending to prove that the materials furnished by either the Fox Furnace Company or the Standard Metal Company were furnished for the buildings owned by appellant, and as there is no evi-

dence upon which a personal judgment could be based, the court should have granted a new trial upon the issues formed by both of these cross-complaints.

Appellant assigns as error, that the cross-complaint of Percy R. Chevalier does not state facts sufficient to constitute a cause of action, but as this alleged error is not discussed in appellant's brief, it is treated as waived.

It is argued by appellant, in her brief, that the evidence is not sufficient to sustain the decision of the court in favor of this cross-complainant, but this question cannot be considered by this court. Appellant did not file any motion for a new trial upon the issues formed on this cross-complaint, and therefore the sufficiency of the evidence to sustain the decision is not presented.

As a general rule a motion for a new trial must be directed to the whole case. It is not generally proper to select isolated issues and assail them by motions for a new trial. *Johnson* v. *McCulloch* (1883), 89 Ind. 270; *State, ex rel.,* v. *Templin* (1890), 122 Ind. 235. In cases, however, where the rights of the parties are several and distinct, or the issues are different and independent, a motion for a new trial may be directed to one of such independent issues. The causes of action set up in the several cross-complaints in this case present distinct and independent issues, and a motion for a new trial might be sustained as to one of such cross-complaints without in any way affecting judgments rendered on others. Elliott, App. Proc. §844; *First Nat. Bank* v. *Williams* (1891), 126 Ind. 423; *Gaar, Scott & Co.* v. *Shaffer* (1894), 139 Ind. 191. In such a case, the motion should be for a new trial of the issues joined on the cross-complaint. *Meyer* v. *Manhattan Life Ins. Co.* (1896), 144 Ind. 439.

The decree of the lower court, based on the cross-complaint of Percy R. Chevalier, is affirmed, and the decrees based on the cross-complaints of the Morgan Coal and Lime

Company, the Fox Furnace Company and the Standard Metal Company are reversed, with directions to sustain the demurrer to the cross-complaint of the Morgan Coal and Lime Company, and to sustain appellant's motions for new trials as to the issues formed on the cross-complaints of the Fox Furnace Company and the Standard Metal Company. The decree of the court, based on the complaint of the Capitol Lumber Company, is also affirmed.