## KESSANS ET AL. *v.* KESSANS.

[No. 8,508. Filed March 30, 1915.]

1. NEW TRIAL.—*Granting on Part of Issues.*—Generally a new trial will only be granted as to the whole case, and will not be granted upon the issues arising on a cross-complaint, counterclaim or set-off. p. 439.

2. NEW TRIAL.—*Granting on Part of Issues.*—A new trial may be had on the issues presented by a cross-complaint where they are distinct and independent, the test being whether the evidence to support the issues on which the new trial is sought will support such issue independently of the issue presented by the complaint. p. 439.

3. NEW TRIAL.—*Granting on Part of Issues.*—Where the issues presented by a complaint to enjoin a trespass and for damages, and those presented by a cross-complaint for possession, depended on the terms and construction of a contract between the plaintiff and one of the defendants, a new trial could not be granted on the cross-complaint. p. 440.

From Perry Circuit Court; *William Ridley,* Judge.

Action by Ben Kessans against Thekla Kessans and another. From a judgment against them on the issues presented by a cross-complaint, the defendants appeal. *Affirmed.*

*Philip Zoercher* and *Norman E. Patrick,* for appellants.
*Ewing & Paris,* for appellee.

IBACH, J.—Appellee brought this action against appellants to enjoin a trespass and for damages. In his complaint he alleges that George and Thekla Kessans, his parents, were in 1901 the respective owners of certain described forty and fifty-acre tracts of land, adjoining, that his parents jointly agreed with him that, if he would take possession of said land, reside on it, occupy the house and cultivate the land,

and would furnish said parents with a home, board and lodging during the remainder of their respective lives, would purchase from them their personal property, consisting of household furniture, live stock, and farming implements, valued at $500, would pay to them $100 for each year during the remainder of their several lives, and at their death would pay to each of their other heirs, $200, then George Kessans, and defendant Thekla Kessans, his wife, would execute to appellee a conveyance in fee for the land. That in consideration of the aforesaid promise and agreement, plaintiff took possession of said lands, and under such contract went into the occupancy of the house, paid them $500 for the personal property, furnished them at all times since, with a home, board and lodging, has at all times furnished them with the necessities and comforts of life, at no time expressed an unwillingness to do so, and is now and always has been ready and willing to continue to perform his part of said agreement, that he has paid them $100 per year for each year from 1901 to 1911, and has made improvements on the premises worth $1,900. For a cause of action he avers that in December, 1910, defendant Thekla Kessans pretended to lease by a certain writing, all of the described real estate which appears of record in her name, to defendant William Kessans, and on March 7, 1911, defendants entered upon said lands wrongfully without appellee's consent, cultivated the soil, cut stalks, cut some standing timber, and are threatening to continue such and similar acts and to deprive appellee of the free use and enjoyment of his real estate held under the aforesaid agreement, wherefore he asks for damages, and all other proper relief.

Appellants in their cross-complaint aver that in 1901 appellee leased from George and Thekla Kessans the lands described in the complaint, for the consideration of $100 per year, and the care and support of said George and Thekla Kessans, and continued said lease from year to year, and in July, 1910, appellee notified Thekla Kessans that he did

not want the land any longer, and directed her to lease her separate tract to another; that she then leased verbally her land to William Kessans, that thereafter appellee notified her that he would not surrender possession, that on August 22, 1910, she served on him a written notice to surrender the premises in March, 1911, at the expiration of the current year's tenancy, and that since that time appellee has been unlawfully holding over, wherefore she asks possession of the real estate and damages. There were answers in general denial to the complaint and cross-complaint. The jury returned a verdict for the cross-defendant on the cross-complaint, and that he was entitled to the possession of the fifty-acre tract of land described in the cross-complaint, but did not grant him any damages on his complaint.

The errors assigned arise upon the court's action in overruling appellant's motion for a "new trial on the cross-complaint", and the grounds of this motion discussed are

1. that the verdict is not sustained by sufficient evidence, and is contrary to law. As a general rule a new trial will only be granted as to the whole case, and will not be granted upon the issues arising on a cross-complaint, counterclaim, or set-off. *Oglebay* v. *Todd* (1906), 166 Ind. 250, 76 N. E. 238; *Johnson* v. *McCulloch* (1883), 89 Ind. 270; *New Hampshire Fire Ins. Co.* v. *Wall* (1905), 36 Ind. App. 238, 75 N. E. 668; *Kahle* v. *Crown Oil Co.* (1913), 180 Ind. 131, 100 N. E. 681. In some cases, where

2. the issues arising on a cross-complaint are distinct and independent, a new trial will be granted on the cross-complaint. *Topp* v. *Standard Metal Co.* (1911), 47 Ind. App. 483, 94 N. E. 891. It would seem that one test to be applied in determining whether a new trial should be granted on a part of the issues, is whether the evidence to support the issues on which a new trial is sought, will support such issue independently of the issue presented by the original complaint. If so, then a new trial may be granted on such independent issue. But where the evidence neces-

sary to support the issue presented by the one pleading must necessarily affect and relate to the issue presented by the other, then they are so interwoven and dependent one on the other that they can not be separated and a new trial can only be granted as to the whole case. In the present case the issues on the complaint and cross-complaint were distinctly related, for each depended on the terms and construction of the contract entered into between appellant Thekla Kessans and appellee in 1901. Therefore appellants were not entitled to a new trial on the cross-complaint, and the court rightly overruled their motion, and there is no error presented which we can consider.

The question of the title to the land herein involved was not presented by the issues, was not adjudicated by the trial court, and is not determined here.

Judgment affirmed.

NOTE.—Reported in 108 N. E. 380. Right of trial court to grant new trial on part of issues only, see Ann. Cas. 1913 B 365. See, also, under (1, 2, 3) 29 Cyc. 732.