## PRINZ *v.* GRAYSON ET AL.

[No. 10,015.    Filed November 20, 1919.]

1. APPEAL.—*Evidence.—Sufficiency.*—The decision of the trial court cannot be disturbed where the evidence fairly tends to support it.  p. 376.

2. NEW TRIAL.—*Quiet Title.—Cross-Complaint.—Motion for New Trial on Part of Issues.—Effect.*—In a suit to quiet title, where a cross-complaint to quiet the title to and for possession of part of the lands involved has been filed, a new trial cannot be granted upon the cross-complaint only, where there has been a finding against the defendant thereon, although there was also a finding against the plaintiff upon the complaint.  p. 376.

From Clark Circuit Court; *James W. Fortune,* Judge.

Action by Robert Grayson and another against Allie Prinz. From a judgment that the parties each take nothing, the defendant appeals. *Affirmed.*

*Henry A. Burtt* and *James E. Taggart,* for appellant.

*Henry F. Dilger* and *Joseph H. Warder,* for appellees.

DAUSMAN, J.—Appellees instituted this action

against appellant to quiet title to two tracts of land. Appellant filed a pleading, denominated "cross-complaint," to quiet her title as against the appellees to the first tract, and also to recover possession of said first tract and damages for the unlawful possession thereof by the appellees. As to the second tract, appellant filed a disclaimer. The cause was submitted for trial to the court without a jury. The court made a special finding of facts, stated conclusions of law, and rendered judgment that appellees take nothing by their complaint, and that appellant take nothing by her cross-complaint. Appellant filed a motion for a new trial as to her "cross-complaint" only, and specified as grounds therefor that the decision was not sustained by sufficient evidence, and is contrary to law. The only error assigned is the overruling of the motion for a new trial.

We cannot disturb the action of the trial court for two reasons: (1) The evidence tends fairly to support the decision; and (2) in this case a new trial could not be granted as to the "cross-complaint" only. *Topp* v. *Standard Metal Co.* (1911), 47 Ind. App. 483, 94 N. E. 891; *Kessans* v. *Kessans* (1915), 58 Ind. App. 437, 108 N. E. 380; *Johnson* v. *McCulloch* (1883), 89 Ind. 270; *Oglebay* v. *Todd* (1906), 166 Ind. 250, 76 N. E. 238.

Judgment affirmed.

Nichols, J., concurs in result.