## STAMPER v. LINK

[No. 17,500. Opinion on Motion to Dismiss Filed May 6, 1946. Opinion on Merits Filed November 26, 1946. Opinion Modifying Mandate Filed February 10, 1947.]

214

*Othniel Hitch,* of Indianapolis, and *Curtis W. Roll,* of counsel, both of Indianapolis, for appellant.

*Means & Buenting,* of Indianapolis, for appellee.

## OPINION ON MOTION TO DISMISS

PER CURIAM.—This is an appeal from a judgment of the Marion Probate Court and involves a claim filed by the appellant against the estate of Adam W. Sherer, deceased. No appeal bond was filed within 30 days after the date of said judgment nor was the time for filing such bond extended by this court.

Section 6-2001, Burns' 1933, provides as follows: "Any person considering himself aggrieved by any decision of a circuit court, or judge thereof in vacation, growing out of any matter connected with a decedent's estate may prosecute an appeal to the Supreme Court, upon filing with the clerk of such circuit court a bond with penalty in double the sum in controversy, in cases where an amount of money is involved, or where there is none, in a reasonable sum, to be designated by such clerk, with sufficient surety, payable to the opposite party in such appeal, conditioned for the diligent prosecution of such appeal, for the payment of the judgment which may be affirmed, and all costs if costs be adjudged against the appellant."

Section 6-2002, Burns' 1933, reads thus: "Such appeal bond shall be filed within thirty (30) days after the decision complained of is made, unless, for good cause shown, the court to which the appeal is prayed shall direct such appeal to be granted, on the filing of such bond within one hundred and eighty (180) days after such decision. But any person who is aggrieved, desiring such appeal, may take the same in his own name without joining any other person. The transcript shall be filed in the Supreme Court within ninety (90) days after filing the appeal bond."

The appellee asks us to dismiss this appeal for failure to comply with the requirements of the above statutes which, he contends, control all appeals "growing out of any matter connected with a decedent's estate." Such was the law prior to September 6, 1943, the effective date of the 1943 Revision of the Rules. Since September 6, 1943, Rule 2 of the 1943 Revision has governed and now governs all appeals of whatever nature to the Supreme and Appellate Courts and abrogates all general and special statutes in so far as they

pertain to purely procedural matters. In that respect the statutes are saved only as to the time allowed for perfecting the appeal in the event less time is given by the statute than is allowed by the rule. Bonds, as conditions precedent to an effective appeal, are dispensed with and become necessary only if the appellant desires to suspend the operation of the judgment from which the appeal is taken.

In the matter before us the procedure specified by Rule 2 has been followed in so far as is necessary to vest jurisdiction in this court and the appellee's motion to dismiss is overruled.

NOTE.—Reported in 66 N. E. (2d) 326.

## OPINION ON MERITS

CRUMPACKER, J.—On November 6, 1944, the appellant filed a claim against the estate of Adam W. Sherer, deceased, based upon a note and mortgage, in security thereof, executed by said decedent under date of April 9, 1941, for the sum of $800 with interest and attorney's fees. To this claim the appellee addressed a set-off wherein it is alleged in substance that the appellant is indebteded to the estate of Adam W. Sherer, deceased, in the sum of $1433.45 for personal property, household goods and furnishings belonging to said estate and taken by the appellant from the home of the decedent after his death and converted by said appellant to her own use.

This claim and set-off came on for trial to the court on December 5, 1945, and, to make her case, the appellant proved the due execution of the mortgage above mentioned, introduced the same in evidence and then rested. The note was not produced nor was its absence in any way explained. The appellee's evidence is devoted entirely to the proof of his set-off. Trial was concluded

on December 5, 1945, and the court thereupon took the case under advisement. On December 18, 1945, the appellant filed a written dismissal of her claim in open court and on December 21, 1945, the court, on its own motion, expunged such dismissal from the record on the grounds that it had announced its decision previous to the filing thereof and thereupon duly entered of record a finding against the appellant on her claim and against the appellee on his set-off. Judgment went accordingly.

The appellant contends that the judgment against her claim is contrary to law (1) because the court was without jurisdiction to render judgment thereon after she had dismissed the same, and (2) that proof of the execution of the mortgage in suit and the introduction of the same in evidence made a *prima facie* case entitling her to a judgment in view of the fact that there is an entire absence of proof to the contrary.

Section 2-901, Burns' 1946 Replacement provides as follows: "An action may be dismissed without prejudice—First. By the plaintiff, . . . , when the trial is by the court, at any time before the finding of the court is announced." No action of the court can deprive the plaintiff of his right to dismiss if the exercise thereof is timely. *Wainwright* v. *P. H., etc. Roots Co.* (1912), 176 Ind. 682, 97 N. E. 8; *Louisville, New Albany and Chicago Railway Company* v. *Wylie* (1891), 1 Ind. App. 136, 27 N. E. 122; *Halstead* v. *Sigler* (1905), 35 Ind. App. 419, 74 N. E. 257.

A finding is not "announced" within the meaning of the above statute, until it is orally announced in open court or, by order of the court, spread of record, so as to bring the ruling to the notice of all parties. *Wainwright* v. *P. H., etc. Roots Co. supra; Moore-Mansfield, etc., Co.* v. *Marion, etc., Co.* (1913), 52 Ind. App. 548, 101 N. E. 15. The only matter

spread of record concerning an announcement of its decision by the court prior to the dismissal of the appellant's claim is the following orderbook entry: "And afterwards, to-wit, December 21, 1945, being the 17th Judicial day of the December Term, 1945, of said Court, before the Hon. Lewis E. Marine, Special Judge thereof, the following further proceedings were had therein, to-wit: (1) Dismissal of claimant, on motion of the court, is hereby denied, overruled and expunged from the record, the court having previously announced its finding herein." There is nothing brought into the record by way of a special bill of exceptions indicating that the court orally announced its decision in open court prior to the filing of the dismissal.

This case was tried before a special judge and, aside from a mere recital in connection with his ruling on the appellant's dismissal of her claim, there is nothing in the record that indicates that such judge sat, for any purpose in connection herewith, from December 5, 1945, when the trial was concluded and he took the matter under advisement until December 18, 1945, when said dismissal was filed. Despite the absence of record indication it is possible, of course, that the court's finding was announced orally in open court prior to the dismissal of the appellant's claim. The trial court says it was and there is nothing but the mere silence of the record to impeach his recital to that effect. We are required to indulge all presumptions and inferences in favor of the regularity of the court's ruling and we therefore conclude that the appellant's dismissal of her claim was properly denied. *Clark* v. *Clark* (1930), 202 Ind. 104, 113, 172 N. E. 124; *Young* v. *Wiley* (1915), 183 Ind. 449, 107 N. E. 278; *Miedreich* v. *Lauenstein* (1909), 172 Ind. 140, 86 N. E. 963, 87 N. E. 1029.

We gain the impression from the appellant's brief

that the court, at the time it took the matter under advisement, commented to some extent on its probable findings. If such be the fact and the appellant questions the legal sufficiency of such comment to constitute an oral announcement of its findings, the court's statement, or its substance, together with the circumstances under which it was made, should have been brought into the record by special bill so that we might determine whether that which the trial court, by its recital, considered an "announcement" was such as a matter of law. In the absence of such a record, however, we are compelled to conclude that there was an announcement of findings prior to the dismissal and that such announcement satisfies the statute.

This brings us to a consideration of the appellant's second proposition: Did proof of the execution of the mortgage in suit and its introduction in evidence make a *prima facie* case which, being unrebutted, entitled her to a judgment?

The appellee insists that this action, not being concerned with the foreclosure of the mortgage in suit, is based on the promise to pay contained in the note secured by said mortgage. That the note being the principal and the mortgage only the incident, no *prima facie* case for a personal money judgment could be made on the mortgage alone. We are referred to many decisions which apparently announce such a rule but upon examination we find that the mortgage involved contained no direct promise to pay the debt secured thereby.

It is the general rule, except where statutes provide otherwise, that if the mortgage contains a covenant to pay the debt secured, the mortgagor is personally liable and an action in debt will lie on the covenant. Jones on Mortgages, 8th Ed., Vol. 3, § 1579; 41 C. J. Mortgages, §§ 222-223. Although we

have few cases on the subject in Indiana the following decisions, although not directly in point, recognize the general rule as above expressed. *Sperry* v. *Dickinson* (1882), 82 Ind. 132; *Smith* v. *Stewart* (1842), 6 Blackf. 162; *Brick* v. *Scott* (1874), 47 Ind. 299.

The mortgage in suit specifically describes the debt it secures as to amount, interest and due date, provides for the increase of such debt by the addition of insurance costs, taxes, etc., in the event the mortgagor fails to pay them and then concludes with the following covenant: "The mortgagor hereby expressly agrees to pay all and singular the sums of money above secured without relief from valuation or appraisement laws." This, we think, is sufficient to create a personal liability on the part of the decedent to pay the monies secured by the mortgage and will support an action in debt independent of the note.

The due execution of the mortgage was proven and it was introduced in evidence. Endorsements thereon show that it was properly recorded and on its face it appears to be undischarged. No defense whatever was interposed by the appellee, whose evidence was devoted exclusively to the proof of his set-off. In our opinion the appellant made a *prima facie* case which remained undisturbed at the close of all the evidence and the court's finding against her was therefore contrary to law.

Appellee argues that the defense of payment is open to him, under the statute, without special plea and that the evidence shows that the appellant took personal property belonging to the decedent from his home after he died and converted the same to her own use. That the value thereof was in excess of the appellant's claim and therefore the same is paid. The force of this argument is completely destroyed, how-

ever, by the fact that the court found against the appellee on this issue.

Judgment against the appellant on her claim is reversed with instructions to sustain her motion for a new trial.

NOTE.—Reported in 69 N. E. (2d) 600.

## OPINION MODIFYING MANDATE

CRUMPACKER, C. J.—We have before us the appellant's petition to modify the mandate in our decision rendered on the 26th day of November, 1946. The appellant filed a claim against the estate of Adam W. Sherer, deceased, to which the appellee, as the administratrix thereof, addressed a set-off. The trial court found against the appellant on her claim and against the appellee on her set-off. The appellant's motion for a new trial reads as follows: "The above named claimant, Laura Stamper, moves the court for a new trial in the above entitled cause for the following reasons, viz: . . . ." This motion was overruled and upon appeal to this court we found error effecting the judgment against the appellant on her claim and issued the following mandate: "Judgment against appellant on her claim is reversed with instructions to sustain her motion for a new trial." The appellee filed no motion for a new trial of the issues presented by the set-off. She perfected no appeal from the adverse judgment thereon and assigned no cross-errors in the appellant's appeal. By reason of the wording of our mandate the appellant fears that the issues presented upon the set-off are likewise subject to re-trial and asks that such mandate be modified to clearly indicate that the new trial thereby ordered is limited to the issues joined on her claim alone.

This court said in *Topp* v. *Standard Metal Co.* (1911), 47 Ind. App. 483, 94 N. E. 891:

"As a general rule a motion for a new trial must be directed to the whole case. It is not generally proper to select isolated issues and assail them by motions for a new trial. *Johnson* v. *McCulloch* (1883), 89 Ind. 270; *State, ex rel.,* v. *Templin* (1890), 122 Ind. 235. In cases, however, where the rights of the parties are several and distinct, or the issues are different and independent, a motion for a new trial may be directed to one of such independent issues. The causes of action set up in the several cross-complaints in this case present distinct and independent issues, and a motion for a new trial might be sustained as to one of such cross-complaints without in any way affecting judgments rendered on others. Elliott, App. Proc. § 844; *First Nat. Bank* v. *Williams* (1891), 126 Ind. 423; *Garr, Scott & Co.* v. *Shaffer* (1894), 139 Ind. 191. In such a case, the motion should be for a new trial of the issues joined on the cross-complaint. *Meyer* v. *Manhattan Life Ins. Co.* (1896), 144 Ind. 439."

Again in *Kessans* v. *Kessans* (1915), 58 Ind. App. 437, 108 N. E. 380, we said:

"The errors assigned arise upon the court's action in overruling appellant's motion for a 'new trial on the cross-complaint', and the grounds of this motion discussed are that the verdict is not sustained by sufficient evidence, and is contrary to law. As a general rule a new trial will only be granted as to the whole case, and will not be granted upon the issues arising on a cross-complaint, counterclaim, or set-off. *Oglebay* v. *Todd* (1906), 166 Ind. 250, 76 N. E. 238; *Johnson* v. *McCulloch* (1883), 89 Ind. 270; *New Hampshire Fire Ins. Co.* v. *Wall* (1905), 36 Ind. App. 238, 75 N. E. 668; *Kahle* v. *Crown Oil Co.* (1913), 180 Ind. 131, 100 N. E. 681. In some cases, where the issues arising on a cross-complaint are distinct and independent, a new trial will be granted on the cross-complaint. *Topp* v. *Standard Metal Co.* (1911), 47 Ind. App. 483, 94 N. E. 891. It would seem that one test to be applied in determining whether a new trial should be granted on a part of the issues, is whether the evidence to support the issues on which a new trial is sought,

will support such issue independently of the issue presented by the original complaint. If so, then a new trial may be granted on such independent issue. But where the evidence necessary to support the issue presented by the one pleading must necessarily affect and relate to the issue presented by the other, then they are so interwoven and dependent one on the other that they can not be separated and a new trial can only be granted as to the whole case."

It will be noted from these decisions that where the issues are "different and independent" the party complaining should direct his motion for a new trial to such independent issues as are decided against him. In the present instance the appellant's motion asks for a new trial of the whole case but on appeal she seeks to have the relief limited to the issues joined on her claim. Just what our jurisdiction in the premise may be has never been decided in Indiana but elsewhere the question seems to be well settled. We quote as follows from 3 Am. Jur., Appeal and Error, § 1226:

"It is now well established, notwithstanding doubt expressed in some earlier cases as to the common-law power of a reviewing court to limit issues when ordering a new trial, that when error exists as to only one or more issues and the judgment is in other respects free from error, a reviewing court may, when remanding the cause for a new trial, whether by the court or a jury, limit the new trial to the issues affected by the error whenever these issues are entirely distinct and separable from the matters involved in other issues and the trial can be had without danger of complication with other matters. But when it appears that the error did affect or may have affected all the issues, a complete new trial must be had."

In 5 C. J. S., Appeal and Error, § 1935, the rule is expressed thus:

"Whether by reason of statutory provision or otherwise, it is generally held that an appellate court, on remanding a cause, may in its discretion either grant a complete new trial or restrict or limit the purpose of the proceedings or the issues to be tried in the lower court, according to which course is demanded by the circumstances or the ends of justice.

"Where the error in the trial relates only to a certain issue which is in no way dependent for its proper trial on certain other issues already satisfactorily tried and a partial new trial will not work injustice to any of the parties concerned, the cause may be remanded, on reversal, for the trial of the issue erroneously tried, and for that alone."

Restriction of the issues to be re-tried, however, must clearly be in the interests of justice or it will not be ordered. *Murray* v. *Krenz* (1920), 94 Conn. 503, 109 A. 859. With that principle in mind we have carefully examined the entire record in this case and are not satisfied that the issues joined on the appellant's claim can be re-tried alone without injustice to the appellee on the issues joined on the set-off. The appellant's claim is based on the promise to pay contained in a mortgage executed by the appellee's decedent. Although no effort is made to foreclose such mortgage the chattels described therein, all of which are represented as being located in the house known as 6803 East Washington Street, Indianapolis, Indiana, and as being the property of the appellee's decedent, are the same chattels the appellant claimed to be hers upon the trial of the set-off. The record affords no explanation of this incongruity and under the circumstances we are not prepared to say that the issues joined on the appellant's claim are so separate and independent of those joined on the set-off that we can order a new trial of the one issue without the possibility of injustice to the appellee. Our mandate

in the decision of this case is therefore modified to read as follows:

Judgment against the appellant on her claim and against the appellee on her set-off is reversed with instructions to sustain appellant's motion for a new trial as to all issues joined in the case.

NOTE.—Reported in 71 N. E. (2d) 128.