O'BRIEN v. FULWILER, EXECUTOR ETC.

[No. 19,238. Filed April 26, 1960.]

*Harry G. Cushman,* of Terre Haute, for appellant.

*Johnston & Mankin,* and *H. Ralph Johnston,* of Terre Haute, for appellee.

KELLEY, J.—Appellant's claim for services allegedly furnished by her to decedent was tried by the court without a jury and its finding was against her and that she take nothing by her action. No bill of exceptions containing the evidence has been brought up by appellant. Consequently, no asserted errors depending upon the evidence for determination are available to appellant. Further, appellant discusses only two propositions in her brief and, therefore, under well established rules, all others are waived.

Appellant says that "an examination of the record discloses that at no place in the record is there any showing that the appellee complied with . . . the first sentence of Rule 1-3 of the Rules of the Supreme Court of Indiana" before proceeding to trial and that there is no showing in the record "that the trial court directed and required . . . the appellee to comply" with the first sentence of said Rule 1-3 before proceeding to trial. In view of the presumptions we must indulge in favor of the proper action by the trial court, it is obvious that appellant's said assertions would be meritless did not the appellee concede that no answer to appellant's claim was filed by him.

From the premise aforesaid, appellant contends that that part of §7-812, Burns' 1953 Replacement, providing that:

> "When any claim is transferred for trial, it shall not be necessary for the personal representative to plead any matter by way of answer, . . . ,"

is abrogated and superseded by Rule 1-3 of the Rules of the Supreme Court which provides:

"Answers and Replies. The party answering or replying to a pleading shall state, without enlargement or elaboration, that he (1) admits, (2) denies, or (3) is without information as to the facts stated in each rhetorical paragraph or each designated part of such paragraph. . ."

and that it was the "legal duty" of the trial court, under said Rule 1-3, to direct and require the appellee to comply with said rule by filing an answer to said claim. Appellant does not contend that she moved for a rule or requested the court to require the filing of an answer by appellee before proceeding to trial. She simply says that said Rule 1-3 made it encumbent upon the trial court to cause an issue to be formed before trial by requiring appellee to file answer to her claim.

We think that it is now adequately established and well understood that in practice and procedural matters in the courts of this State the rules adopted by our Supreme Court are preeminent and supersede any statutory provisions relating to such practice and procedure and that such rules are of such vitality as to abrogate and render ineffective "all laws in conflict therewith." Sec. 2-4718, Burns' 1946 Replacement. *Stamper* v. *Link* (1946), 117 Ind. App. 212, 66 N. E. 2d 326; *State ex rel. Cox* v. *Superior Court of Marion County et al.* (1954), 233 Ind. 531, 121 N. E. 2d 881; *State* v. *Jacobson* (1951), 229 Ind. 293, 98 N. E. 2d 187; *Holt* v. *Basore* (1948), 118 Ind. App. 146, 77 N. E. 2d 903.

Now, is said §7-812, Burns' 1953 Replacement, in conflict with said Rule 1-3 on the matter of procedure? Said §7-812 relieves the personal representative in claims against the estate of the necessity of filing an answer to the claim. In order for said Rule 1-3 to be in conflict therewith, it would be neces-

sary to interpret the latter mentioned rule as requiring the personal representative in such cases to file an answer. As we conceive it, there appears no such mandate in the wording or intent of said rule. It states, clearly and simply, that a party answering or replying to a pleading shall do so in the form and manner prescribed by the rule. It does not provide that a party must or shall answer or reply to a pleading. It contains no indication that a party cannot under any circumstances or in any action be relieved of the necessity of filing an answer or reply to a pleading. There is nothing in the rule which leads to conviction that one of its purposes and intents was to alter or supersede the aforesaid probate code provision, or the provision of any other applicable statute, which raises an issue by operation of the law rather than by the specific answer of the defendant or the reply of the adversary. We find nothing in said Rule 1-3, said statute, §7-812, Burns' 1953 Replacement, or in appellant's brief which inclines us favorably to the latter's insistence that there exists a conflict on procedural matters between said rule and said statute; that said rule has abrogated and rendered ineffective the quoted provision of said statute, or that it was the "legal duty" of the trial court to require an answer by appellee before proceeding to trial of appellant's claim.

Further, it would seem that if appellant entertained the conviction that said Rule 1-3 has the effect of necessitating an answer by the appellee, she might have brought such proposal to the attention of the trial court by requesting it to order or direct appellee to answer, or by refusing to go to trial without having the cause put at issue by an answer, or by entering upon the record her objection to proceeding by compulsion to a trial of her claim without such an-

swer. None of these things did she do. She went to trial without protest and then, after her action resulted adversely, she inserted in a motion for a new trial that there was irregularity in the proceedings in that the court "failed . . . to require the defendant to answer the pleading of the plaintiff. . . ." By her non-action, we think appellant is in no position to now complain of the absence of an answer to her claim. *Rice* v. *Magenheimer* (1947), 225 Ind. 441, 445, 75 N. E. 2d 906; *Armstrong* v. *Presslor* (1947), 225 Ind. 291, 295, 73 N. E. 2d 751.

Appellant asserts lastly that the proceedings were irregular because the record "fails to show that any witnesses were produced, or sworn, at the trial." There is sufficient in the record and in appellant's brief to show that evidence was heard by the court in the trial of appellant's claim. All reasonable presumptions are indulged in favor of correct action by the court and the regularity of a trial and it is encumbent upon the appellant to establish error by the record. *Stamper* v. *Link, supra,* p. 218; *Shay* v. *Goins* (1918), 67 Ind. App. 674, 676, 119 N. E. 808; *City of Fort Wayne* v. *Bishop* (1950), 228 Ind. 304, 315, 92 N. E. 2d 544. See, also, I. L. E. *Appeals,* §511, page 406, Vol. 2; vide, §519. Appellant has not brought up the bill of exceptions containing the evidence and such bill may include entries as to the production of and the oath taken by any witnesses testifying at the trial. Appellant makes no assertion that any unsworn witness was permitted by the court to testify nor that she objected to any witness on the ground that he or she was unsworn. For all that is reflected by the record before us, all of the evidence heard by the court could have been by published deposition or it could have been wholly documentary. We are not apprised by the rec-

ord submitted to us by the appellant that it was necessary for the court to administer an oath to anyone at the trial. If, for instance, the evidence consisted only of the published depositions of various witnesses, the oath in normal course, would have been administered to the deponents at the time and place where the deposition was taken, not in the courtroom at the trial. Where the record is silent as to a fact, such as appellant here claims, such fact is presumed in support of the judgment, *Pattison* v. *Hogston, Admr.* (1927), 90 Ind. App. 59, 63, 158 N. E. 516, *Stamper* v. *Link, supra,* and no presumption favorable to appellant that a fact showing error exists outside the record will be entertained. *Allen* v. *Gavin, Administrator* (1891), 130 Ind. 190, 193, 29 N. E. 363; *Sims Motor Transport Lines* v. *Davis, etc.* (1955), 126 Ind. App. 344, 351, 130 N. E. 2d 82; I. L. E. *Appeals,* §512, page 407, Vol. 2. We find no merit in this appellant's last specification of error.

Appellant has failed to sustain his burden of demonstrating error by the record and the judgment must be affirmed.

Judgment affirmed.

Bierly, P. J., Gonas and Smith, JJ., concur.

NOTE.—Reported in 166 N. E. 2d 525.