*E. P. Ferris*, for appellant.

---

## RINGLE *v.* BICKNELL.

NEW TRIAL.—*Motion.—Rejection of Evidence.*—Where the rejection of evidence has not been assigned as a cause in a motion for a new trial, it cannot be urged as a ground of reversal on appeal.

WAIVER.—*Trial without Reply.*—Where the defendant goes to trial by his voluntary consent, no reply having been filed to an answer setting up new matter in bar of the action, he thereby waives a reply, and cannot after verdict, in any manner, raise the question of the plaintiff's failure to reply.

APPEAL from the Noble Circuit Court.

Suit by Lydia A. Bicknell againt Ringle, the appellant, on a guaranty.

The facts stated in the complaint are, in substance, as follows: On the 3d of October, 1867, the appellee leased to one Neff a house and lot in Kendallville, for the term of three years, to commence on the 1st day of November, 1867,

VOL. XXXII.—24

for which Neff agreed to pay rent at the rate of thirty-seven dollars and fifty cents per month, for the first year, and forty-one dollars and sixty-seven cents per month for the remaining two years, payable monthly in advance. Neff also covenanted against waste. At the foot of the lease the appellant executed a guaranty, as follows: "I hereby guaranty the due performance of the covenants of the above named Neff, in consideration of the execution of this lease by Lydia A. Bicknell. October 3d, 1867." (Signed) "Peter Ringle."

The complaint contains an allegation of the non-payment of the rent from the 1st of November, 1867, to the commencement of the suit (January 4th, 1869); and that Neff had committed waste on the premises by cutting up the shelving in the store-room situate thereon, to the damage of the plaintiff seventy-five dollars, of all of which the appellant had due notice.

It is further alleged, that Neff is wholly insolvent. Judgment is demanded for six hundred dollars.

The appellant answered in two paragraphs.

First, a denial of the complaint.

Second, payment in full by Neff before the comencement of the suit.

The record does not show that any reply was filed to the second paragraph of the answer, but it contains the following entry: "Come now the parties by their attorneys, and the issues in this behalf being joined, by agreement of the parties, this cause, for trial, is submitted to the court, and the court, after hearing all the evidence and the argument of counsel, finds for the plaintiff and assesses his damages at the sum of two hundred and twenty-five dollars and fifty-four cents."

The appellant moved for a new trial. One of the reasons stated in the motion is, "that the cause was tried without an issue."

The motion was overruled, and judgment rendered on the finding; to which the appellant excepted.

ELLIOTT, J.—A reversal of the judgment is claimed on the ground that the court below erred in excluding certain evidence offered by the appellant as to the amount of property owned by Neff, the lessee. The rejection of the evidence offered appears by a bill of exceptions; but it was not urged as a reason for a new trial, and is not, therefore, properly before this court. The improper rejection of evidence is an error occurring at the trial, and if not presented as a reason for a new trial, is deemed to be waived, and cannot be urged as a cause for reversal in this court. This point is too well settled by repeated decisions to require a reference to the cases.

It is also urged that the judgment should be reversed, because no reply was filed to the second paragraph of the answer, alleging payment of the demand by Neff.

This question has been before this court several times in different forms. It is settled by numerous adjudications, that it cannot be raised for the first time in this court; but whether it is available in any form after trial, and if so, in what mode it may be made available, are questions that do not seeem to be so clearly settled.

In *Martindale* v. *Price*, 14 Ind. 115, there was a trial, and judgment on an affirmative answer without a reply. The question was raised for the first time in this court by the assignment of errors, and it was held that it was too late. But it is said in that case, that the objection might have been made in the court below by a motion in arrest, or for a judgment *non obstante veredicto*.

To the same effect was the ruling in the case of *Henly* v. *Kern*, 15 Ind. 391.

In *Davis* v. *Engler*, 18 Ind. 312, where the same question arose, it is intimated that the objection might have been made after verdict by a proper motion for a new trial for that cause, or for a judgment for the defendant notwithstanding the finding for the plaintiff.

In *Preston* v. *Sandford's Adm'r*, 21 Ind. 156, the question arose on a complaint to review a former judgment rendered

upon a trial without a reply to an answer setting up new matter in bar of the action.. It was held, that the defendant, by consenting to go to trial without a reply to the answer, waived it, and could not avail himself of it afterwards. The ruling is sustained by the argument that the defendant, upon filing his answer, was entitled to a rule against the plaintiff to reply, and on the plaintiff's failure to comply with the rule the defendant would have been entitled to demand judgment, taking his answer as admitted to be true.   He was not bound to go to trial without a reply to his answer, but he consented to do so; he thereby waived the reply and consented to go to the proof of the answer as though denied.  See, also, *Shirts* v. *Irons*, 28 Ind. 458.

In the case before us, the question was not raised either by a motion in arrest, or for a judgment on the pleadings, notwithstanding the finding of the court.   But we place the decision of the question on the broader ground, that the proper time to ask for a judgment for want of a reply was before trial, and that by voluntarily consenting to go to trial without a reply the defendant waived it, and could not avail himself of the objection afterwards.

It would be trifling with justice to allow a party to consent to go to trial under such circumstances without calling the attention of the court to the fact that the issue was not properly closed, and take his chances of success in a trial upon the merits, and then, when beaten, to permit him to turn around and repudiate his own voluntary act, and thus defeat his opponent under all circumstances.   The law intends, as far as possible, to do substantial justice between parties litigant, and cannot look with favor upon the effort of one party to get a merely technical and unconscionable advantage over the other; and such an effort should never be rendered available when the party making it is himself at fault.

The judgment is affirmed, with ten per cent. damages and costs.

*V. C. Mains*, for appellant.

*J. Colegrove* and *A. A. Chapin*, for appellee.