Hackney, J.
In attempting to exercise the power granted by the act approved March 4,1893 (Acts 1893, p. 302), the appellee, the city of Connersville, adopted an ordinance, declared by the bill to be for the purpose of providing for the safety of persons from the running of railroad trains through said city, the first section of which ordinance was as follows:
“Section 1. Any railroad company or railway company running and operating its engines and cars upon what is known as the White Water Division of the Cleveland, Cincinnati, Chicago & St. Louis Bailway Company, situated in said city,' is hereby required to erect and maintain an arc electric lamp or light, and keep the same supplied with an ample supply of electricity, and lighted from dusk to dawn of each and every night, at the points where said railroad crosses the streets of said city, viz:: One light or. lamp where said railroad crosses Central avenue, near the south end of said city; one where said railroad crosses First street; one where said railroad crosses Second street in said city; one where said railroad crosses Third *277 street; one where said railroad crosses Fourth street; one where said railroad crosses Bfifth street; one where said railroad crosses Sixth street; one where said railroad crosses Seventh street; one where said railroad crosses Eighth street, and one where said railroad crosses Ninth street, in said city; each of said lights.or lamps to be of two thousand nominal candle power, and may be the same kind of electric lamps or lights now used by said city in lighting the streets of said city, said lights or lamps to be suspended not less than twenty-five feet above said tracks.”
Other sections related to other railway companies and prescribed penalties for violating the requirements of each of the sections.
The appellee prevailed in the lower courts and the appellant, in this court, attacks the validity of said act, under various provisions of the state and federal constitution, and the validity of said ordinance under said act.
It is the generally recognized rule that the courts will not pass upon the constitutionality of acts of the general assembly if the merits of the case in hand may be fairly passed upon without. In the present case, in our opinion, the invalidity of the ordinance must be declared and therefore the validity of the act will not be questioned.
It will be observed that by the provisions of the ordinance the appellant was required to light, at the crossings, every night from dark to dawn, each of ten streets crossed by its railway, and to employ in such lighting arc lamps of nominal two thousand candle power to be suspended at least twenty-five feet above the tracks.
In the recent case of the City of Shelbyville v. Cleveland, etc., R. W. Co., 146 Ind. 66, it was said by this court: “Under the authority so given, the ordinance *278 provided for electric lights, which provision, we think, was authorized, inasmuch as electric lights were maintained by the city; but it was also provided in the ordinance that the lights should be of the ‘arc pattern,’ thus confining the company to a particular kind of electric lighting, and possibly to particular lamps in use in the city. Doubtless, under the statute, the ordinance could have required the light to be of a power sufficient to light the crossing, not to exceed that in use in the city; but there could be no authority further to interfere with the company’s freedom of contract in providing sneh electric lights as it might prefer.”
It was, in that case, further declared that, under the legislative intent, in enacting said statute, it should be kept in mind that only the safety and security of the citizen from the running of trains was to be enforced by cities and not simply the lighting of streets.
Prom the record in this case it appears that appellant ran no trains over its road through said city after eight o’clock any night, and when we recall the provision of the ordinance requiring lights from dark until dawn each night there is more than a shadow of support to the proposition that the safety and security of the citizen was not the one object of the ordinance.
It is true that railway companies may run extra trains, those not scheduled, but possibly an ordinance might be so framed as to require the light for a specified reasonable time before the arrival and after the departure of each train during any night and that security would be obtained thereby without unnecessary burden upon the companies, and thus avoid the ulterior object, lighting streets.
The existence of power to require lights for the “security and safety of citizens,” at railway crossings, does not imply that cities may, under the guise of that *279 power, require, arbitrarily and without control or restraint, lights, either in volume or at times, entirely unnecessary to that end. If they do so require, they exceed the limited power vested by the act in question. While it is perhaps true that a measure of discretion is lodged in the common council as to the streets requiring lights, and the volume of light necessary to the safety sought, the exercise of that discretion does not admit of requirements which at first blush are far beyond any reasonable necessities.
Upon the authority cited, and for the reasons we have suggested, the ordinance in question was and is void, and the judgment is reversed, with instructions to set aside the judgment and dismiss the cause.