YELLOW HAMMER GAS AND OIL COMPANY v. CARLIN ET AL.

[No. 17,995.   Filed May 25, 1897.]

APPEAL AND ERROR.—*Longhand Manuscript.—How Made Part of Record.*—It must affirmatively appear from the record that the longhand manuscript of the evidence was filed in the clerk's office before being filed as a part of the bill of exceptions.

From the Wells Circuit Court. *Affirmed.*

*Joseph S. Dailey, Abram Simmons* and *Frank C. Dailey,* for appellant.

*J. J. M. La Follette, O. H. Adair* and *G. A. Mason,* for appellees.

HACKNEY, J.—This was an action in ejectment and to quiet title. The only assignment of error is in the action of the lower court in overruling the appellant's motion for a new trial, and the only question discussed by the appellant depends upon the evidence. The appellees insist that the evidence is not properly in the record, and that, therefore, the question so discussed is not before us.

The transcript contains what purports to be the original longhand manuscript of the evidence. An order book entry discloses the filing on February 10, 1896, of the longhand manuscript and the bill of exceptions, without disclosing that the manuscript was filed before or apart from its filing in the bill. The clerk, in his general certificate, certifies to the filing of the manuscript on the 10th day of February, 1896. From the bill of exceptions it appears that it was tendered to and signed by the trial judge on the 8th day of February, 1896, and within the bill of exceptions the clerk certifies specially that the longhand manuscript was filed in his office on the 8th day of February, 1896. Looking to the 8th of February as the date of filing, it does not appear that the longhand manuscript was filed before it was embodied in and filed as a part of the bill. Regarding the 10th of February as the date of its filing, it is seen that it was not filed when the bill of exceptions was tendered to and signed by the judge on the 8th of February.

The requirement that the record shall affirmatively disclose the filing of the longhand manuscript prior to its filing as a part of the bill of exceptions is firmly settled. Section 1476, Burns' R. S. 1894; *DeHart* v. *Board, etc.*, 143 Ind, 363; *Chicago, etc., R. W. Co.* v. *Eggers*, 147 Ind. 299; *City of Decatur* v. *Grand Rapids, etc., R. R. Co.*, 146 Ind. 577; *Mason* v. *Brody*, 135 Ind. 582.

No available error appearing in the record, the judgment is affirmed.