### DAVIS ET AL. *v.* THE UNION TRUST COMPANY, ADMINISTRATOR.

[No. 18,015. Filed March 15, 1898.]

APPEAL.—*Bill of Exceptions.—Longhand Manuscript of Evidence.*— The record must affirmatively show that the longhand manuscript of the evidence was filed in the clerk's office prior to the time that it was incorporated in the bill of exceptions. *p. 48.*

SAME.—*Record.—Deficiency of, Not Cured by Agreement of Parties.* —All cases in the Supreme Court are heard and determined by the record, and no deficiency in the record can be supplied by the agreement of the parties. *pp. 49-52.*

From the Marion Circuit Court. *Affirmed.*

*S. N. Chambers, S. O. Pickens* and *C. W. Moores,* for appellants.

*John B. Sherwood,* for appellee.

JORDAN, J.—This suit was commenced by the appellee against appellants, Mark C. Davis and wife, to foreclose a mortgage executed by them to John Lehman, appellee's decedent. The complaint averred that, at the date of the death of the said decedent, the note and mortgage in suit were in his possession; but since his death said instruments had been lost, stolen, or mislaid, and that they cannot be found by the plaintiff, after making diligent search, etc. The defendants answered the complaint, first, by a general denial; second, plea of payment. The defendant, Mark C. Davis, also filed a cross-complaint, wherein he alleged payment of the mortgage debt, and demanded that the note and mortgage be adjudged satisfied, and ordered to be canceled. A trial resulted in a finding by the court in favor of appellee upon the issues joined, and, over appellant's motion for a new trial, a judgment was rendered in favor of appellee for $2,039.84, and for a foreclosure of the mortgage in suit. To review this judgment appellants prosecute this appeal.

All of the questions presented for review and consideration depend upon an examination of the evidence given in the case, and at the very threshold we are confronted with the proposition that the evidence is not properly and legitimately before us; and if this fact shall prove to be true, we will necessarily be compelled to dismiss the contentions of appellants' learned counsel relative to the errors attributed to the trial court, without giving the same any consideration upon their merits.

There was an attempt on the part of the appellant to have the longhand manuscript of the evidence incorporated into a bill of exceptions, and certified to this court, in accordance with the provisions of the statute appertaining to and authorizing such procedure. Counsel for appellee, in his brief filed January 2, 1897, insists that the bill of exceptions purporting to embrace the evidence introduced on the trial below is open to several objections, one of which is that it does not appear that the longhand manuscript of the evidence was filed in the office of the clerk before it was incorporated into the bill of exceptions. This case has been pending in this court since July 3, 1896, consequently is subject to the law as it then existed relative to making the evidence a part of the record upon appeal to this court. It is shown by the certificate of the clerk of the lower court, which seems to have been made on November 10, 1896, in response to a writ of *certiorari*, that the longhand manuscript of the evidence was filed in his office on June 2, 1896, tions; or, in other words, the clerk's certificate ex- after it had been incorporated into the bill of excep- pressly discloses that the manuscript of the evidence was filed on the same day that the bill of exceptions purporting to embrace it was filed, but that said manuscript was not filed prior to its being incorporated into said bill of exceptions. We are therefore, in accordance with the many decisions of this court which have interpreted the statute authorizing the original longhand manuscript of the evidence in a case to be certified to this court on appeal in lieu of a transcript, constrained to hold that the provisions of said statute have not been complied with; consequently, the evidence is not properly in the record. *Campbell* v. *State*, 148 Ind. 527; *Yellow Hammer, etc., Co.* v. *Carlin*, 148 Ind. 68; *Pruitt* v. *Farber*, 147 Ind. 1.

On the 11th day of February, 1897, appellants filed in the office of the clerk of this court an instrument in writing, wherein, among other things, they and appellee stipulate and agree as follows: "It is agreed, to save the great expense of bringing up a transcript of the bill of exceptions filed in the office of the clerk of the Marion Circuit Court on the 2nd day of June, 1896, to which the appellants are entitled, that the bringing of such transcript is here and now by the appellee waived, and it is agreed that the longhand manuscript of the shorthand notes taken by the official stenographer on the trial of said cause, the same having been approved and signed by the Honorable Edgar A. Brown, judge of the Marion Circuit Court, and filed in the office of the clerk of the Marion Circuit Court on the 2nd day of June, 1896, which said bill of exceptions is now a part of the transcript on file in this court, may be taken in lieu of said transcript. It is the express intention of this agreement to waive, on the part of the appellee, the point made in its said brief as to said longhand manuscript not being filed in the office of the clerk prior to its incorporation in said bill of exceptions."

It certainly must be evident, in the light of the fundamental rules of appellate procedure, that parties to an appeal in this court cannot, by a mere agreement of the character of the one in question, inject into, or bring proceedings of the lower court into, the record in this court, when otherwise, under the law, they are no part of said record. Section 661, Burns' R. S. 1894 (649, R. S. 1881), provides as follows: "Upon the request of the appellant, or upon being served with notice as aforesaid, and, in either case, upon the payment of the proper fee, the clerk shall forthwith make out and deliver to the party, at his request, or trans-

mit to the clerk of the supreme court, a transcript of the record in the cause, or so much thereof as the appellant, in writing, directs, certified and sealed, to which shall be appended the written directions of the appellant above contemplated, if any."

As a general rule, this tribunal derives its powers or rights to consider and determine a case according to methods prescribed by the law, and not by virtue or reason of any agreement of the parties to the appeal. All cases in this court are tried by the record. It furnishes the only evidence to sustain the alleged errors of the trial court of which a party complains. Appeals are heard by the record as legitimately constituted, and by such record all questions are tried and determined, and no deficiency therein, as in the one in the case at bar, can be supplied by the agreement of parties. *Campbell* v. *State, supra;* Elliott's App. Proc. 186, 187; *Blair* v. *Curry, post,* 99, and cases there cited; Weeks on Attorneys (2d ed.), section 236a.

It was the duty of appellants to furnish this court with a correct, complete, and orderly arranged and properly authenticated transcript of the record or proceedings of the lower court, except as otherwise provided by law, or, at least, so much thereof as was necessary to present the questions which they desired reviewed or considered. Such a transcript constitutes the record in this court, and it is important that it be made by the method provided by law, and be correct in every respect, as we must accept it as importing absolute verity.

The original longhand manuscript of the evidence when properly incorporated into a bill of exceptions and certified to this court according to the requirements of the statute is a substitute for a copy or transcript of the bill of exceptions filed in the lower court, embracing the evidence in the cause. If appellants have

failed to bring the evidence into the record in this case by reason of their not complying with the statute relative to shorthand reports of evidence, they are certainly, in order to make it available in this appeal, required to do so by procuring the clerk of the lower court to copy the bill of exceptions embracing the evidence, and have such transcript thereof certified up in the manner provided by the law pertaining to appeals to this court.

The phrase "transcript of the record," as employed by the statute in section 661, *supra*, certainly means what the term "transcript" denotes—a copy of the original. While it is true that the transcript of the record below exhibits to us the original papers, entries and proceedings, etc., in the case in the lower court, it does so, however, by simply exhibiting copies thereof, and by this method or means such copies are recorded, and compose the record in the cause in this court. It was held in *Carlson* v. *State,* 145 Ind. 650, that instructions given to the jury could not be incorporated into the bill of exceptions along with the stenographer's report of the evidence, and certified, without being copied by the clerk of the trial court. In *Blair* v. *Curry, supra,* we held that the stipulation or agreement of the parties to the appeal, waiving the deficiencies in the record, could not be considered, and that a bill of exceptions, after it has been filed, could not be amended by agreement. In *Manns Bros. Boot, etc,. Co.* v. *Templeton,* 149 Ind. 706, it is held by this court that the rule which requires the clerk to dismiss an appeal when the appellant has failed to file his brief therein within sixty days after submission could not be waived by the agreement of the parties.

As said, the law pointed out two modes or methods by which appellants might have made the evidence a part of the record in this court, but with neither of

these have they complied, and now virtually seek to be relieved of a duty or requirement imposed by law through and by virtue of an agreement to that effect upon the part of the appellee. It is manifest that appellee, under the circumstances, was not invested with any power, either by agreement or waiver, to relieve appellants of what the law exacted, nor to give this court jurisdiction to hear and determine the questions sought to be presented by this appeal. If it could relieve appellants of that which the law required to be done, in order to make the evidence a part of the record, why not further extend such relief, and thereby exempt them from procuring any part of the proceedings of the lower court to be transcribed and certified to this court, as the law exacts? A bill of exceptions containing the evidence in a case, when filed with the clerk of the lower court, unquestionably is a part of the record of that court. If a certified transcript thereof, under the circumstances in this case, can be dispensed with by the agreement or stipulation of the parties herein, certainly then the entire record below may be made up and brought to this court when incorporated into and made a part of the written agreement of the parties. That this is not authorized by the law no one will controvert. We have no power under the law to accept the agreement in question, and consider it as serving the purpose for which it is intended. This is so evident that it is not essential that we further consider the question. The evidence is not in the record, and it therefore follows that no error is shown, and the judgment is accordingly affirmed.