PARSCOUTA ET AL. v. STATE, EX REL. BAKAJSA.

[No. 20,573.   Filed November 16, 1905.]

1. APPEAL AND ERROR.—*Trial.—Issues.—Presumption.*—A defendant who goes to trial without being defaulted can not complain on appeal that the cause was tried without an issue, the conclusive presumption being that the trial proceeded as if the allegations of the complaint had been controverted by an answer. p. 485.

2. SAME.—*Pleading.—Mandamus.—Return.*—Where the record on appeal shows that appellants filed their return to the alternative writ of mandate, they can not complain that no issue was formed, since such return constitutes an answer in such action. p. 485.

3. PLEADING.—*Joint Answer.—Subsequent Separate Answer.*— Where defendants filed a joint return to an alternative writ of mandamus, the subsequent filing of a separate return by one of such defendants did not withdraw such joint return. p. 485.

From Lake Circuit Court; *Willis C. McMahan,* Judge.

Action by the State of Indiana, on the relation of Joseph Bakajsa, against Fren Parscouta and others. From a judgment for plaintiff, two of the defendants appeal. *Affirmed.*

*Johannes Kopelke,* for appellants.

MONKS, C. J.—This action was brought by the relator to compel by mandate three persons, officers of a private corporation, to perform an alleged duty. A trial of said cause resulted in a final judgment for a peremptory writ of mandate against said defendants. Two of said defendants appeal, and insist that said judgment must be reversed, because said trial was, as to them, "without an issue."

It is now settled under the code that where a defendant fails to file an answer and no default is taken against him, but he goes to trial, he can not on appeal to the Supreme Court complain that no issue was formed. 1 Works' Practice (3d ed.), §736; Elliott, App. Proc., §§352, 682; 1 Woollen, Trial Proc., §1745; *Bender v. State, ex rel.* (1866), 26 Ind. 285, 286; *Trentman v. Eldridge* (1884), 98 Ind. 525, 527, 528; *Citizens Bank v. Bolen* (1889), 121 Ind. 301, 304. In such a case this court must treat the case as if the allegations of the complaint had been controverted by answer. *Hartlep* v. *Cole* (1885), 101 Ind. 458, 459, and cases cited.

The record, however, does not sustain appellants' contention that the trial was without an issue. An order-book entry dated November 24, 1904, copied into the transcript, shows that the defendants filed a demurrer to the alternative writ, which was overruled, "to which ruling defendants except, and said defendants thereupon file their return to said alternative writ of mandate herein, and the same is in the words and figures following, to wit." Said return is not copied into the transcript, but the clerk has written in lieu thereof: "Note. Said return is not on file." In making the issues, the return to the writ is the same as an answer in a civil action. §1185 Burns 1901, §1171 R. S. 1881 and Horner 1901; *Board, etc., v. State, ex rel.* (1878), 61 Ind. 379, 384; *Potts* v. *State, ex rel.* (1881), 75 Ind. 336, 339, 340. It is true that a subsequent entry shows that on December 20, 1904, the defendants "filed an answer in the words and figures following, to wit," and the answer copied into the transcript as a part of this entry is that of only one defendant. This, however, did not affect or withdraw the return of all the defendants filed on November 24, 1904.

It is evident that said cause was not "tried without an issue."

Judgment affirmed.