THORNTON, ET AL. *v.* DEVANEY, ET AL.

[No. 28,001.   Filed November 16, 1944.   Rehearing denied December 13, 1944.]

*Stiles & Bayor*, of Gary, for Appellants.

*Fagan & Daugherty*, of Gary, for Appellees.

SHAKE, C. J.—The appellees prevailed in a *habeas corpus* proceeding instituted by them for the possession of their seven year old son. The propositions presented and relied upon by the appellants for the reversal of the judgment are: (1) That the trial court ought to have entered a judgment on the pleadings in favor of the appellants; (2) that the decision is not sustained by sufficient evidence; and (3) that a new trial should have been granted on account of newly discovered evidence.

The appellants say that the appellees' petition for a writ of *habeas corpus* served its purpose when the writ was issued; that issues of fact were tendered by appellants' return; and that these allegations were never denied and should have been treated as conclusive. There was no appropriate and timely motion for judgment on the pleadings and the cause was submitted to the court for trial on the merits. It is the settled practice of this State that a plaintiff who submits to trial without objection before an issue is formed waives an answer and on appeal the complaint will be deemed to have been controverted. *Parscouta v. State, ex rel.* (1905), 165 Ind. 484, 75 N. E. 970; 1 Watson's Works Practice, § 634. This rule is applicable

to a *habeas corpus* proceeding. 29 C. J., pp. 165, 166, *Habeas Corpus,* § 189. The appellants' first proposition therefore presents no reversible error.

There was evidence that the appellees were the parents of five children. The mother was in poor health and the appellants took the child with which we are here concerned when it was less than a year and a half old and kept it until it was seven. The appellants became greatly attached to the child and the appellees have the normal affection of parents. Both families are of good moral character and habits; both have good homes and adequate financial resources to rear the child. It would not be mistreated or placed in an unfavorable environment in either home. The appellants have no children but the appellees have four others. The parties were before the trial court and it was concluded that the interests of the child would be better served by returning it to its natural parents.

In determining matters of this character the welfare of the child is the paramount consideration. *Luellen* v. *Younger* (1924), 194 Ind. 411, 143 N. E. 163. This calls for the exercise of a sound discretion on the part of the trial court. Considering that the court saw the parties and heard their testimony, and that the child was returned to its natural parents where it would be reared in association with its brothers and sisters, we would not be justified in concluding that there is any abuse of discretion.

As newly discovered evidence, the appellants alleged that they learned subsequent to the trial that the child was of sufficient maturity to understand the nature and obligation of an oath, and that if permitted to do so it would testify to facts disclosing that its interest would be better served by leav-

ing it with appellants. There was also a request that the County Department of Public Welfare be asked to make an investigation and file a written report with the court before the motion for a new trial was ruled upon. It affirmatively appears from the record that the child was available during the trial and on this state of the record the showing with respect to newly discovered evidence was clearly insufficient.

The judgment is affirmed.

Note.—Reported in 57 N. E. (2d) 579.