RICE v. MAGENHEIMER

[No. 28,304. Filed December 11, 1947.]

*T. Ernest Maholm,* of Indianapolis, for appellant.

*Cleon H. Foust,* Attorney General, *Frank E. Coughlin,* First Deputy Attorney General, and *George W. Hadley,* Deputy Attorney General, for appellee.

GILKISON, J.—Appellant filed his verified application for *habeas corpus* against the appellee as Sheriff of Marion County averring among other things, that he was unlawfully restrained of his liberty by the defendant, by virtue of a commitment issued by the Municipal Court of Marion County, charging appellant

with being a fugitive from justice from Ohio, in failing to comply with an order of court in a divorce action for the payment of support. That the restraint is unlawful because the alleged offense is not extraditable and is not a felony in Ohio. He prayed that a writ of *habeas corpus* issue, etc.

The writ was issued to the appellee, and he was ordered to have the applicant before the court at 9:30 A.M. on March 14, 1947. On that date appellee filed his return, among other things averring that he held petitioner by virtue of a commitment from the Municipal Court of the county, and making a copy of the commitment a part of his return. This commitment showed that petitioner had been "arrested on a charge of Fugitive," that the trial was postponed, and in default of bail petitioner was ordered committed to jail. On March 19, 1947, respondent filed a supplemental return, averring that since the original return was filed, demand for petitioner's extradition was made upon the Governor of Indiana by the Governor of Ohio. That a hearing was had by the Governor of Indiana upon such demand, and the demand was granted, and the Governor of Indiana issued his warrant for the return of petitioner to Ohio. A certified copy of the Governor's warrant is attached to and made a part of the return.

The certified copy of the Governor's warrant filed with and made a part of the supplemental return, states that the Governor of Ohio, by requisition, had demanded that appellant be arrested as a fugitive from the justice of the State of Ohio, producing therewith a copy of an affidavit and complaint charging appellant with having committed a crime in Ohio, and that "the commission of said crime is charged in manner and form as follows, namely: Non Support of a Minor Child."

The warrant then orders the arrest of appellant, and that he be brought before a proper court, that the judge may, by the examination of witnesses, be satisfied of the identity of the person arrested, etc. This warrant is dated and signed by the Governor of Indiana, and sealed with the State Seal. The cause was tried by the court, resulting in a finding and judgment for respondent from which this appeal is taken.

By his motion for new trial and his assignment of errors petitioner has brought before this court for determination a number of questions, among which are: "that the court erred in considering as evidence the Governor's warrant for the arrest of the petitioner for extradition to the state of Ohio, for the reason that said Governor's warrant does not recite ·the charge upon which the warrant is based, with the time and place of the alleged commission of the offense and is and was inadequate." That § 6, ch. 49, p. 135 of the Acts of 1935 is unconstitutional, being in conflict with Art. 1, § 9, Art. 4, § 2, Art. 6 and with the Fifth Amendment of the Federal Constitution and with Art. 1, §§ 26 and 27 of the Constitution of Indiana. That the decision is not sustained by sufficient evidence, and that it is contrary to law.

We shall consider these questions in the order named.

With respect to the return, our *habeas corpus* law § 3-1914, Burns' 1946 Replacement, provides:

"The return must be signed and verified by the person making it, who shall state:

"First. The authority or cause of the restraint of the party in his custody.

"Second. If the authority be in writing, he shall return a copy and produce the original on the hearing. . . ."

The plaintiff may except to the sufficiency of the return, deny its averments, or plead new matters in avoidance thereof. *Clayborn* v. *Tompkins* (1895), 141 Ind. 19, 22, 40 N. E. 121; *Kemper* v. *Metzger* (1907), 169 Ind. 112, 119 *et seq.*, 81 N. E. 663; *Martin* v. *Newland, Sheriff* (1925), 196 Ind. 58, 61, 147 N. E. 141; § 3-1915, Burns' 1946 Replacement. In the case at bar plaintiff did not except to the sufficiency of the return, filed no denial and plead no new matter in avoidance. The cause went to trial on the complaint, the return and supplemental return. It now seems to be a settled rule of practice in this state that when a party entitled to have an answer or reply filed to put a cause at issue, goes to trial without having the cause put at issue, he thereby waives the answer or reply and the pleading will be deemed controverted by a denial. *Shirts* v. *Irons* (1867), 28 Ind. 458, 460, 461; *Ringle* v. *Bicknell* (1869), 32 Ind. 369, 371, 372; *Train, Executor* v. *Gridley* (1871), 36 Ind. 241, 244, 245, 246; *Buchanan* v. *The Berkshire Life Insurance Company* (1884), 96 Ind. 510, 516; *Parscouta* v. *State ex rel. Bakajasa* (1905), 165 Ind. 484, 485, 75 N. E. 970; *Butler* v. *Wolf Sussman, Inc.* (1943), 221 Ind. 47, 49, 46 N. E. (2d) 243. In a recent case this court has held that this rule is applicable to a *habeas corpus* proceeding. *Thornton* v. *Devaney* (1944), 223 Ind. 47, 48, 57 N. E. (2d) 579. We must therefore consider the return at issue by denial.

The record before us shows that after the plaintiff had introduced his evidence and rested, the respondent moved the court that the "petition for *habeas corpus* be denied and dismissed," which motion the court took under advisement. That "respondent did not offer any evidence, other than his verified return, and this was all the evidence given in the

cause." The "verified return" is not contained in the bill of exceptions as part of the evidence or otherwise, nor is there any indication, except the quoted statement above, that the verified return was ever offered in evidence. The trial judge's certificate, among other things states, "that said bill. of exceptions is full, true and complete and contains in substance all the evidence given in said cause and all the offers of the parties made upon the trial thereof and all the rulings of the court therein, and said Bill of Exceptions is now this 22nd day of April, 1947, assigned, sealed and filed and made a number in the record in said case." The certificate of the trial judge follows the code with reference to signing, sealing and making the bill of exceptions a part of the record. §§ 2-3111, Burns' 1946 Replacement and 9-2105, Burns' 1942 Replacement. Therefore, the bill of exceptions purports absolute verity and we cannot go beyond it to ascertain what the evidence was. Gavit Indiana Pleading and Practice Vol. 2, § 511, pp. 2522 to 2526; *Vivian Collieries Co.* v. *Cahall* (1915), 184 Ind. 473, 483, 110 N. E. 672; *Hinshaw* v. *State* (1919), 188 Ind. 447, 459, 124 N. E. 458; *Davis* v. *The Union Trust Company, Administrator* (1898), 150 Ind. 46, 50, 49 N. E. 817; *Walls* v. *The Anderson, Lebanon & St. Louis R. R. Co.* (1877), 60 Ind. 56, 58; *Gray* v. *Taylor* (1891), 2 Ind. App. 155, 158, 28 N. E. 220.

Since the original Governor's warrant was not produced at the hearing as required by statute, § 3-1914, Burns' Replacement 1946, *supra,* and is not in evidence it is without value in the case. Both parties treat the certified copy of the original and the supplemental return as though they were introduced in evidence and were considered by the trial court.

Our Uniform Criminal Extradition Act, provides that the Governor's warrant "must substantially recite the facts necessary to the validity of its issue." ■ Acts 1935, ch. 49, § 7, p. 134, 136, § 9-425, Burns' 1942 Replacement. As heretofore shown the Governor's warrant in this case states that appellant was charged in Ohio by "an affidavit and complaint" with the commission of a crime and that "the commission of said crime is charged in manner and form as follows, namely: Non Support of a Minor Child." This being the manner and form of the charge as made, it is apparent that there is no valid charge against appellant in the State of Ohio. Neither the affidavit nor the complaint filed in the State of Ohio is before us. They were not before the trial court and we do not attempt to determine the sufficiency of either. All we determine is that the Governor's warrant issued by authority of § 9-425, Burns' 1942 Replacement, *supra,* does not substantially recite the facts necessary to sustain the validity of its issue.

The return was wholly unsupported by evidence and the decision is therefore contrary to law.

Since the case must be reversed for the reasons given, it is unnecessary for us to pass upon the constitutionality of the questioned statutes, and we refrain from doing so. *Sarlls, City Clerk* v. *State ex rel. Trimble* (1929), 201 Ind. 88, 100, 166 N. E. 270; *Kinney* v. *Citizens Water, etc., Co.* (1909), 173 Ind. 252, 256, 257, 90 N. E. 129; *Hewitt* v. *State* (1908), 171 Ind. 283, 286, 86 N. E. 63; *Hart* v. *Smith* (1902), 159 Ind. 182, 198, 199, 64 N. E. 661; *The Cleveland, etc., Railway Company* v. *City of Connersville* (1897), 147 Ind. 277, 279, 46 N. E. 579, 62 Am. St. 418; *Henderson, Auditor* v. *The State ex rel. Stout, Sheriff* (1893), 137 Ind. 552,

556, 557, 36 N. E. 257, 24 L. R. A. 469; *Parker* v. *The State ex rel. Powell,* 133 Ind. 178, 190, 32 N. E. 836, 33 N. E. 119, 18 L. R. A. 567.

For the reasons given, the judgment of the court below is reversed with instructions to sustain appellant's motion for new trial.

NOTE.—Reported in 75 N. E. (2d) 906.