DAWSON *v.* BEASLEY, SHERIFF OF VIGO COUNTY.

[No. 30,064. Filed February 26, 1962.]

*Edward L. Hamilton*, of Terre Haute, for appellant.

*Leonard P. Kincade*, of Terre Haute, for appellee.

LANDIS, J.—This is an appeal from a judgment denying appellant's petition for writ of habeas corpus.

Appellant filed petition for writ of habeas corpus alleging (1) he was unlawfully restrained of his liberty by appellee-sheriff and also (2) that appellee-sheriff unlawfully held appellant upon an illegal fugitive warrant issued by a Justice of the Peace of Vigo County, Indiana, to which appellee-sheriff filed a return alleging appellant was a fugitive from the State of Massachusetts where appellant was charged with a felony, that appellee arrested and detained appellant upon an extradition warrant executed by the Governor of Indiana, that said extradition warrant was duly approved by the Governor of Indiana upon the request of the Governor of Massachusetts, and

that a copy of said extradition warrant issued by the Governor of Indiana was attached thereto.

Appellant states in his brief that he undertakes the Court's determination of only one asserted error, namely the sufficiency of the Governor's warrant issued by the Governor of Indiana, and to determine whether such Governor's warrant issued in this case substantially recites the facts necessary to sustain the validity of its issue.

Appellant cites the following portions of the Uniform Extradition Act. Burns' §9-421 (1956 Repl.), is cited providing:

> "Form of demand.—No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing and accompanied by a copy of an indictment found or by an information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereon. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy must be authenticated by the executive authority making the demand, which shall be prima facie evidence of its truth." Acts 1935, ch. 49, §3, p. 134.

Burns' §9-423 (1956 Repl.), is cited providing:

> "Contents of papers.—A warrant of extradition shall not be issued unless the documents presented by the executive authority making the demand show that:
>
> . . . . .
>
> "3. He is lawfully charged by indictment found or by information filed by a prosecuting officer and supported by affidavit to the facts, or by affidavit made before a magistrate in that state, with having committed a crime under the

laws of that state, or that he has been convicted of a crime in that state and has escaped from confinement or broken his parole." Acts 1935, ch. 49, §5, p. 134, 135.

Appellant contends that the foregoing statutes contemplate that the person charged with crime in the demanding state has been lawfully charged by indictment, information, or by affidavit made before a magistrate in the demanding state with having committed a crime under the laws of that state.

The warrant of the Governor of Indiana is in part as follows:

"To Any Peace Officer, Police Officer, or State Policeman Of the State of Indiana, GREETING:

"WHEREAS, The Executive authority of THE COMMONWEALTH OF MASSACHUSETTS has, by requisition of his Excellency, FOSTER FURCOLO, Governor thereof, dated at Boston, on the 25th day of August, 1960, directed to the Governor of this State, and deposited in the office of the Secretary of State, demanded that KENNETH S. DAWSON, alias RONALD S. DAWSON, be arrested as a fugitive from the Justice of THE COMMONWEALTH OF MASSACHUSETTS aforesaid, and delivered up to ALFRED E. MARCKINI and/or JOHN F. GALLIGAN the agents of said authority appointed to receive him, and has moreover, produced therewith a copy of a Complaint charging the person so demanded with having committed a crime within the jurisdiction of said State, which copy is certified as authentic by the Governor aforesaid; and

"Whereas, The commission of said crime is charged in manner and form as follows, namely:

"LARCENY OF AUTOMOBILE

"IT IS THEREFORE ORDERED, by the Executive authority of the State of Indiana, in accordance with the requirements of the Constitution and laws of the United States, and of the State

of Indiana, that you do arrest and secure the said KENNETH S. DAWSON, alias Ronald S. Dawson wherever found within this State, and forthwith inform him of the demand made for his surrender and of the crime with which he is charged, and that he has the right to demand legal counsel; and if he, or anyone in his behalf, shall state that he or they desire to test the legality of the arrest, you shall forthwith take him before a judge of a court of record of this State who may be nearest or most convenient of access to the place where the arrest may be made, to the end that such judge may fix a reasonable time to be allowed him within which to apply for writ of habeas corpus; and thereafterward when and if so ordered by such judge, or, after being informed as aforesaid, neither he nor anyone in his behalf, shall desire to test the legality of the arrest, you shall deliver him over to the agent whom the executive authority demanding him shall have appointed to receive him, to be transported to the State demanding him.

"And for your doings in the premises, this shall be your sufficient warrant when duly returned and filed in the office of the Secretary of State, State House, Indianapolis, Indiana.

"GIVEN UNDER THE SEAL OF THE STATE, and the hand of the Governor, at Indianapolis, this 9th day of September, 1960.

"[Signed] Harold W. Handley,
Governor of Indiana."

Appellant argues that in the case at bar, the Governor's warrant is obviously based solely upon a complaint which appellant states does not come within the requirements of the above statutes which provide the extradition warrant shall not be issued unless the documents show appellant is lawfully charged by indictment, information, or affidavit made before a magistrate in the demanding state.

As stated by appellant in his brief, it is necessary for the return of the sheriff to show either by the

warrant of the Governor, or by documents accompanying it, that the requisition of the Governor of the demanding state is based on either a copy of the indictment, information, or affidavit made before a magistrate, certified as authentic by the Governor of the demanding state.

The rule is stated in the annotation appearing in 89 A. L. R. 599, as follows:

> "It seems that the failure of the rendition warrant to show affirmatively that the governor, in issuing it, had before him a copy of an indictment or an affidavit made before a magistrate of the demanding state charging the alleged fugitive with crime, may be cured, when such recitals are required, upon habeas corpus proceedings for the discharge of the fugitive, by including with the return of the sheriff, or producing on the hearing, the papers on which the warrant was issued which show on their face that they are in due and legal form, and that the warrant was justified...."

We believe the Indiana case of *Rice* v. *Magenheimer* (1947), 225 Ind. 441, 447, 75 N. E. 2d 906, 909, is in accord with this rule. The Court, however, reversed the judgment and awarded a new trial because of the defective rendition warrant and stated:

> " . . . Neither the affidavit nor the complaint filed in the State of Ohio is before us. They were not before the trial court and we do not attempt to determine the sufficiency of either. All we determine is that the Governor's warrant issued by authority of §9-425,[1] . . . does not sub-

---

1. Burns' §9-425 (1956 Repl.), provides:
"If the governor shall decide that the demand should be complied with, he shall sign a warrant of arrest, which shall be sealed with the state seal, and be directed to a sheiff, marshal, coroner, or other person whom he may think fit to entrust with the execution thereof; *and the warrant must substantially recite the facts necessary to the validity of its issue.*" (Emphasis added.) Acts 1935, ch. 49, §7, p. 134.

stantially recite the facts necessary to sustain the validity of its issue.

"The return was wholly unsupported by evidence and the decision is therefore contrary to law."

In *Rice* v. *Magenheimer, supra,* had there been evidence such as supporting papers before the court upon which the warrant was issued to show the affidavit charging a crime was made before a magistrate in the demanding state, it is logical to assume the defective warrant would have been considered cured. See also: *The People ex rel.* v. *Lohman* (1959), 17 Ill. 2d 78, 160 N. E. 2d 792, cert. den. (1960), 361 U. S. 963, 80 S. Ct. 591, 4 L. Ed. 2d 544; *Harris* v. *State* (1952), 257 Ala. 3, 60 S. 2d 266.

To ascertain if the defective Governor's warrant was cured by the supporting papers it is necessary for us to consider what the supporting papers in the record in the instant case were, and whether there appeared among them an affidavit made before a magistrate in the demanding state.

Among such papers we note is the complaint made on July 1, 1958, before the Third District Court of Eastern Middlesex, charging appellant with automobile larceny of a value of more than $100.00, naming the owner of the property, and at the bottom containing the Massachusetts provision making this conduct a crime. The complaint further states it was "Received and sworn to, on said day, before said Court." The assistant clerk of the court attested to this transaction.

An affidavit is defined as a written statement under oath taken before an authorized officer. 1 I. L. E.,

Affidavits, §1, p. 296; 2 C. J. S., Affidavits, §1, p. 922. Many cases construing complaints to meet the affidavit requirement in extradition statutes are set forth in the previously cited annotation of 89 A. L. R. 599, *supra*. We believe any reasonable construction of the complaint in the instant case which was "received and sworn to, on said day, before said Court" and attested to by the assistant clerk of the court constituted it *an affidavit* within the meaning of our extradition statute.

It is further our opinion that the complaint in the instant case was an affidavit *before a magistrate,* as required by the extradition act. The warrant (among the supporting papers in this cause) issued in the demanding state on the filing of the complaint, recites it was witnessed by District Judge Haven Parker. Judge Parker also certified as to the authority of the assistant clerk of the court who attested to the complaint. We do not see how there can be any question but that the affidavit was made before a magistrate as required by the extradition act. See: Definition of magistrate in Ballentine's Law Dictionary. It is our view that the defects raised by appellant to the Governor's extradition warrant were cured by the supporting papers appearing in the record of this cause, and it follows that no reversible error has been shown.

Judgment affirmed.

Achor, C. J., and Arterburn, J., concur; Bobbitt, J., concurs in result; Jackson, J., dissents without opinion.

NOTE.—Reported in 180 N. E. 2d 367.