CHARLES L. HOLLAND v. HAROLD D. RAISOR, SHERIFF.

[No. 869S174. Filed June 22, 1971.]

## On Petition For Rehearing

Hunter, J.—Appellee has filed a petition for rehearing in this case accompanied by a petition for certiorari. We have granted appellee's petition for certiorari, but a careful review of the matter thus brought before the court fails to persuade us that our original opinion was in error.

The supplemented record discloses that appellant was told, prior to the hearing on habeas corpus, that he was entitled to attack the sufficiency of the return at the hearing notwithstanding the fact that he was denied leave to file a reply to such return. It is also pointed out that our decision reverses case law to the effect that a petitioner in habeas corpus proceedings waives the right to reply to the sheriff's return by going to trial without first so replying.

As to the second point, it can hardly be said that appellant "waived" the right to file a reply since he specifically requested the court time in which to do so. This request was denied and appellant had little choice but to proceed as directed with the hearing. The hearing was scheduled to commence at 9:30 A.M. and the sheriff's return was filed on the same day, but just prior to that time. To say that appellant waived the right to a reply under this state of facts by proceeding with the hearing to except to the return's sufficiency would be to severely limit his right under Ind. Ann. Stat. § 3-1915 (1968 Repl.). We see no conflict with such a holding and the cases of *Rice* v. *Magenheimer* (1947), 225 Ind. 441, 75 N. E. 2d 906 and *Thornton* v. *Devaney* (1944), 223 Ind. 47, 57 N. E. 2d 579 cited by appellant.

Additionally, the fact that appellant was told, prior to the hearing, that he was entitled to attack the sufficiency of the return during the course of the hearing does not correct the error upon which we originally reversed. Our primary concern was, and is, that a petitioner in a habeas corpus proceeding have time in which to except to the sheriff's return. That he may do so at the hearing is of little

help if the return is received only minutes beforehand. Although we again acknowledge that habeas corpus proceedings are properly conducted in a summary manner, we also feel a petitioner should have an opportunity to expeditiously respond as statutorily provided.

For these reasons, appellee's petition for rehearing must be denied.

Petition denied.

Arterburn, C.J., DeBruler and Givan, JJ., concur; Prentice, J., not participating.

NOTE.—Reported in 270 N. E. 2d 878.