STANLEY C. WETHINGTON *v.* STATE OF INDIANA.

[No. 2-675A144. Filed March 2, 1977.]

*Robert J. Fink, Haymaker, Hirsch & Fink,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

LOWDERMILK, J.—Defendant-appellant, Stanley C. Wethington (Wethington) appeals from his conviction of theft[1] raising the following issue for our review:

1. Whether the judgment of the trial court is supported by sufficient evidence or is contrary to law.

The facts necessary for our disposition of this appeal are as follows: On January 18, 1974, Wethington rented from the Parker Tool Rental Company a chain saw and a floor jack. On the lease agreement he identified himself as James S. Miller. The chain saw and floor jack were then taken to the Troy Auction in an effort to sell them. Wethington left the items with the owner of the auction while he went for a welder which he also wanted to sell. The auctioneer, noticing the

1. IC 1971, 35-17-5-3(1)(a) (Burns Code Ed.).

name Parker Tool Rental on the chain saw and floor jack, notified the manager of Parker Tool who came and identified the property as the items he had leased to Wethington, alias, James S. Miller.

IC 1971, 35-17-5-3(1)(a) (Burns Code Ed.) provides, *inter alia,* as follows:

> "Theft in general.—A person commits theft when he (1) knowingly:
>
> (a) obtains or exerts unauthorized control over property of the owner . . . and
>
> (2) either:
>
> (a) intends to deprive the owner of the use or benefit of the property . . ."

Wethington argues that since his control over the chain saw and floor jack was lawful, as evidenced by the lease he executed with Parker Tool, the State failed to prove that his control over the property was unauthorized as required by subsection (a), *supra,* and therefore the trial court's judgment was contrary to law.

We are of the opinion that the State's evidence was sufficient to prove beyond a reasonable doubt that Wethington had exerted unauthorized control over the property of Parker Tool Rental. The lease executed between Parker Tool Rental and Wethington, who signed the lease as James S. Miller, in no way authorized Wethington, as lessee, to sell the leased property. The record clearly discloses that Wethington left the chain saw and floor jack in the possession of Troy Auction for the purpose of sale while he went for a welder which he also wanted sold. At this point, Wethington's control over Parker Tool Rental's leased property became unauthorized. The fact that Troy Auction would not have sold the property at auction until Wethington first sold outright, or consigned the property over to them, does not require a different result.

Wethington's act of knowingly leaving the property of Parker Tool Rental in the possession of Troy Auction for the purpose of sale is a sufficient exertion of unauthorized control

over the property of the owner to establish a violation of IC 1971, 35-17-5-3 (1) (a), *supra*.

Judgment affirmed.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 360 N.E.2d 276.