Orson Keith SNODGRASS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 2–278A47.

Court of Appeals of Indiana,
Second District.

Oct. 22, 1979.

Grant W. Hawkins, Samper, Hawkins & Atz, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Alembert W. Brayton, Deputy Atty. Gen., Indianapolis, for appellee.

BUCHANAN, Chief Justice.

## CASE SUMMARY

Defendant Orson Keith Snodgrass (Snodgrass) was convicted of feloniously obtaining or exerting unauthorized control of a motor vehicle in violation of the theft statute, Ind. Code § 35–17–5–3(1)(a).[1] On appeal he challenges both the trial court's overruling of his motion to dismiss on grounds of double jeopardy or collateral estoppel, and the sufficiency of the evidence.

We affirm.

## FACTS

The facts and evidence most favorable to the judgment are:

At approximately 4:30 a. m. on January 1, 1977, a green Pontiac was stolen from its owner, Leland Payne (Payne) in Marion County after he started the car and left it to "warm up" while he dressed. Approximately four hours later, a vehicle of the same description ran a stop sign in Johnson County, sideswiping a car driven by Greg Sickmeier (Sickmeier). The Pontiac did not stop after the collision.

The accident was witnessed by Dennis Duke (Duke), who was following Sickmeier in another car. Duke attempted to follow the striking vehicle and found it abandoned about one-quarter of a mile from the scene of the accident. It showed evidence of a sideswipe accident. Around the corner from the car he saw the defendant walking down the street and recognized him as the driver of the striking vehicle.

Having been called by Sickmeier, a police officer arrived at the scene. He, Sickmeier, and Duke inspected the abandoned car and found no keys in the ignition. They then set out to look for its driver and found the defendant walking in a yard. Duke identified him as the driver, having already given a detailed description to the officer.

The officer approached Snodgrass and immediately noticed a strong odor of an intoxicant on his breath. After giving defendant a sobriety test, he placed him under arrest. While doing so, he took a set of keys from the defendant's pocket. One of the keys fit the ignition of the green Pontiac. A check on the car's registration revealed the Pontiac was owned by Payne.

Defendant was subsequently tried in Johnson County[2] on the charge of reckless driving,[3] and was acquitted. On July 29,

---

1. This statute, part of the Offenses Against Property Act, was repealed October 1, 1977. For present law, see Ind.Code §§ 35–43–4–1— 35–43–4–5.

2. The defendant did not state the date on which he was tried, nor did he disclose the court or the name of the judge.

3. The parties are not agreed as to the nature of the prior charge. In presenting his motion to dismiss, Snodgrass' attorney stated that the defendant had been tried for reckless driving. The State in its brief suggests that the attorney for the defense misstated the facts, in that the charge was leaving the scene of an accident.

1977, he was tried on the present charge in Marion County. Prior to trial, he moved to have the charge dismissed, contending that the second trial constituted double jeopardy or collateral estoppel.[4] The motion was made orally after the State waived the requirement that it be written.

## ISSUES

On appeal, Snodgrass presents two issues:

ISSUE ONE: Did the court err in overruling defendant's motion to dismiss?

ISSUE TWO: Was the evidence sufficient to support the conviction?

## PARTIES' CONTENTIONS

As to ISSUE ONE, Snodgrass contends that the State is barred from bringing the second prosecution because the two charges should have been joined. Further, he argues that dismissal was mandated because an issue common to both cases—his identity—was decided in his favor at the first trial.

The State counters that joinder of the offenses was discretionary, and that resolution of the identity issue in defendant's favor was not necessarily the basis of his prior acquittal. In any event, the State argues, defendant failed to prove the basis of that determination.

As to ISSUE TWO, Snodgrass asserts that the evidence established only an inference of his guilt by showing his possible possession, and that the force of such inference was diminished by the time and distance separating his apprehension from the taking of the car. To this the State replies the evidence was sufficient to justify the court's findings.

## ISSUE I.

■ *CONCLUSION*—The motion to dismiss was properly overruled because the statute relied on by defendant does not require the joinder of these two offenses, and because the assertion of collateral estoppel was neither substantiated nor properly raised.

Apparently defendant recognizes that compulsory joinder of separate and distinct offenses arising from the same "transaction" has never risen to the level of constitutional significance. He relies solely upon Indiana statutes for his claim that prosecution for this offense is barred because it was not joined in the earlier prosecution for leaving the scene of an accident.

Ind. Code § 35–3.1–1–9(a)(2) does provide that offenses "can be joined" when they "[a]re based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan," but this permissive language can hardly be construed as being mandatory.

Moreover, *Ind. Code* § 35–3.1–1–10(c) states that when two or more offenses *could* have been joined, the court shall grant dismissal "if the prosecution is barred by reason of the former prosecution." Thus, the failure to join related offenses is not *ipso facto* grounds for dismissal.

■ As Snodgrass correctly asserts, collateral estoppel *is* grounds for dismissal, for it can bar a second prosecution. *Ashe v. Swenson* (1970), 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469. *Accord, Brown v. Ohio* (1977), 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187; *Harris v. Washington* (1971), 404 U.S. 55, 92 S.Ct. 183, 30 L.Ed.2d 212 (*per curiam*); *Simpson v. Florida* (1971), 403 U.S. 384, 91 S.Ct. 1801, 29 L.Ed.2d 549. *See also Sanabria v. United States* (1978), 437 U.S. 54, 98 S.Ct. 2170 n.31, 57 L.Ed.2d 43; *One Lot Emerald Cut Stones and One Ring v. United States* (1972), 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438. In *Ashe v. Swenson, supra,* the United States Supreme Court propounded the "same operative issue" test: a second prosecution is barred if

---

For purposes of this appeal we must assume the charge was reckless driving, as this is what the court below was told.

**4.** Defendant's assertion of a "double jeopardy" defense is misconceived, since double jeopardy properly applies to prosecutions for the *same* offense. *See Elmore v. State* (1978), Ind., 382 N.E.2d 893, 897. *Compare Ashe v. Swenson* (1970), 397 U.S. 436, 445, 90 S.Ct. 1189, 25 L.Ed.2d 469.

it requires proof of an "operative issue" which was decided in the defendant's favor at the first trial. Defendant argues that his identity as the driver of the green Pontiac was deemed unproved at the first trial and so precludes its consideration at the second.

This argument fails for two reasons. First, defendant's identity as the driver was not the only basis upon which he could have been acquitted on the first charge. If we assume, as the trial judge must have believed, that the charge was reckless driving, acquittal could have been predicated upon a failure to prove recklessness. The doctrine of collateral estoppel applies only when an issue of ultimate fact has once been determined and there are no other issues present upon which the trier of fact could have grounded its verdict. *Hutcherson v. State* (1978), Ind., 380 N.E.2d 1219, 1222.

Second, and more importantly, defendant failed to prove that identity was the issue upon which the court in the first trial based his acquittal. The statute makes clear the procedure for such proof, stating first that the motion to dismiss must be written. Ind. Code § 35–3.1–1–8(a). The State waived the writing requirement for the motion in this case; however, the statute also prescribes that if the motion is based expressly or impliedly on the occurrence or existence of facts, it must be accompanied by affidavits containing *sworn* allegations. *Id. See also Sawyers v. State* (1976), Ind.App., 341 N.E.2d 810. Waiver of the writing requirement for the motion can hardly be construed as waiving the requirement of supporting affidavits. An "affidavit" is a written statement *under oath* taken before an authorized officer. *Dawson v. Beasley* (1962), 242 Ind. 536, 180 N.E.2d 367.

*The court may deny the motion without conducting a hearing if "[t]he motion is expressly or impliedly based upon the existence or occurrence of facts, and the moving papers do not contain sworn allegations supporting all the essential facts."* Ind. Code § 35–3.1–1–8(e) (emphasis added). *See also Jarver v. State* (1976), Ind., 356 N.E.2d 215.

In support of his motion, defendant presented to the trial court only counsel's speculation as to the yet unsworn testimony of a witness concerning the findings of the trial court in the first trial. If granted a hearing, the attorney stated, defendant would have the witness testify as to what the first trial judge had said at the close of that proceeding. Overlooking the hearsay problems presented, we can only conclude that Snodgrass did not sustain the burden of proof which our statute requires.[5]

"The burden . . . is on the defendant in the second case to establish that the issue he seeks to foreclose from litigation in the present prosecution was necessarily decided in his favor by the prior verdict." *United States v. Cala,* 521 F.2d 605, 608 (2d Cir. 1975), interpreting *Ashe; supra.*

The *Ashe* Court held that a trial court's determination should be made by "examin[ing] the record" of the prior proceeding. 90 S.Ct. at 1194. The trial judge did not have before him the record of the former trial in this case.[6] Even if no such record had been made, however, our decision here would be the same. Snodgrass failed to demonstrate by any verified or sworn proof that a former trial actually occurred, much less that its outcome warranted dismissal here.

---

5. Ind. Code § 35–3.1–1–8 reads:
    (a) A motion to dismiss an indictment or information pursuant to section 4 [35–3.1–1–4] of this chapter shall be in writing and upon reasonable notice to the prosecutor. If the motion is expressly or impliedly based upon the existence or occurrence of facts, the motion shall be accompanied by affidavits containing sworn allegations thereof, whether by the defendant or by another person or persons. Such sworn allegations may be based upon personal knowledge of the affiant or upon information and belief, provided that in the latter event the affiant must state the sources of such information and the grounds of such belief. . . .

6. Approximately ten months after the hearing on the motion to dismiss the trial, and the conviction, defendant filed a transcript of the former proceedings. The trial judge rightfully struck it from the record as "not a proper pleading," considering the time elapsed.

It was therefore not error for the trial court to deny the motion.

## ISSUE II.

*CONCLUSION*—There was sufficient evidence to support the judgment.

Defendant's claim that the court's decision was based on insufficient evidence is similarly without merit. In reviewing for sufficiency of the evidence, this court will not reweigh the evidence nor judge the credibility of the witnesses. *Jones v. State* (1978), Ind., 377 N.E.2d 1349. We will consider only the evidence most favorable to the State, along with all reasonable inferences to be drawn therefrom. *Poindexter v. State* (1978), Ind., 374 N.E.2d 509.

Snodgrass admits the State may have shown enough circumstantial evidence that he possessed the car, but argues that this was insufficient to show he took it. This argument belies a total misinterpretation of the statute under which Snodgrass is charged: the statute does not require a taking.[7] *See Wethington v. State* (1977), Ind.App., 360 N.E.2d 276.

The defendant was charged with "exerting unauthorized control" over the vehicle. The witness Duke identified him as having driven the vehicle. Payne, the owner, testified that he did not know Snodgress and had not given him permission to use the car. Such evidence certainly established that Snodgrass "exerted control" which was "unauthorized."

The defendant further suggests that the evidence does not prove he was not the innocent recipient of stolen property. Such suggestion is devoid of support, as Snodgrass testified he never possessed the car at all. That the court did not believe Snodgrass is clear, and we will not rejudge his credibility.

On the basis of all this evidence, the trial court was justified in finding defendant guilty as charged.

The conviction is affirmed.

7. Ind. Code § 35–17–5–3 reads:
   "A person commits theft when he
   (1) knowingly

SHIELDS, J., concurs.

SULLIVAN, J., concurs in result.

(a) obtains *or* exerts unauthorized control over property of the owner . . . ."
[Emphasis added.]